# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GENE ASBURY, JAMES LEMONNIER,
BONNIE LOHMEYER, FRED OSIER,
HARRY RUSH, LAURIE SKEMP, AND
ROYAL PALM VILLAGE RESIDENTS,
INC., on behalf of themselves, the class of
current and former mobile homeowners in the
Park and all others similarly situated

    Plaintiffs,

v.                                                  Case No: 8:19-cv-874-T-36SPF

MONICA SLIDER, et al.,

    Defendants.

## ORDER

This cause comes before the Court upon Defendants' Motion to Dismiss Amended Complaint (Doc. 25) and Plaintiffs' response (Doc. 29). For the reasons that follow, the Court will grant the Motion to Dismiss and dismiss Plaintiffs' Amended Complaint, without prejudice.

**I.    BACKGROUND**

Royal Palm Village Residents, Inc. ("Royal Palm HOA"), which describes itself as an incorporated mobile home owner association and the legal representative of a class of over 400 elderly current and former mobile home owners in the Royal Palm Village Mobile Home Park (the "Royal Palm") located in Haines City, Florida, filed a 108-page, eight-count complaint on April 12, 2019 (the "Complaint"). Doc. 1 at ¶ 17. The Complaint named 12 defendants: the individual and corporate owners and operators of the Royal Palm, a law firm that represented the owners and operators of the Royal Palm, and an attorney of the law firm. *Id.* at ¶¶ 22-47. The Complaint alleged the defendants were responsible for "fraudulent and conspiratorial acts since 2015 to illegally and

unreasonably deceive over 400 elderly mobile home owners [and Royal Palm HOA] that [the Royal Palm] was lawfully purchased." *Id.* at ¶ 1.

Royal Palm HOA alleged that subsequent to deceiving the mobile home owners of the unlawful purchase, defendants "acted and conspired to circumvent statutory regulations under the Florida Mobile Home Act and engaged in further deceit and extortion." *Id.* Such deceit and extortion included forcing mobile home owners to pay increased lot rentals by charging a premium for certain lot rental categories which were fraudulently described, passing on increased ad-valorem taxes to mobile home owners, illegally passing on annual fire and stormwater tax to mobile home owners, deceiving mobile home owners into entering oppressive and illegal five-year lot rental agreements, misleading mobile home owners that defendants would spend $1,000,000 on maintenance, repair, and replacement of roads, seawalls, and common areas, misrepresenting the legal effect of the five-year lot rental agreements, misleading mobile home owners that Royal Palm's clubhouse and facilities are compliant with the Americans with Disabilities Act, and intimidating mobile home owners to withdraw their complaints. *Id.* at ¶¶ 1, 49, 58-90.

The Court *sua sponte* dismissed Royal Palm HOA's Complaint because it was a shotgun pleading. The Court found the incorporation of lengthy statutory background, legal conclusions, and narrative fell short of Rule 8's requirements and resulted in a confusing, vague, and incomprehensible pleading. Doc. 17. In addition, the Complaint impermissibly failed to give defendants fair notice by lumping them together in various stated causes of action. The Complaint also impermissibly set forth causes of action that each relied on multiple statutory bases. *Id.*

The Court provided Royal Palm HOA leave to file an amended pleading. The Amended Complaint was filed July 3, 2019 by Royal Palm HOA and additional plaintiffs: Gene Asbury, James LeMonnier, Bonnie Lohmeyer, Fred Osier, Harry Rush, and Laurie Skemp, on behalf of

themselves and the class of current and former mobile homeowners ("Plaintiffs"). Doc. 20. The Amended Complaint dropped some defendants, leaving the following nine: Monica Slider, Sheri Woodworth, Belinda Lawson, Sun Communities, Inc., Royal Palm Village, LLC, Asset Investors Operating Partnership, L.P., Richard Lee, and Lutz, Bobo & Telfair, P.A. ("Defendants"). *Id.* Defendants responded with the instant Motion to Dismiss. Doc. 25.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

In a complaint, claims founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. Each claim must be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Failure to comply with these rules may result in a shotgun pleading. Additionally, "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir.

2008) (citation omitted). This includes a complaint that is "disjointed, repetitive, disorganized and barely comprehensible." *Id.* at 276. When faced with such a pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 984 (11th Cir. 2008).

In addition to satisfying the general pleading requirements articulated in *Twombly* and *Iqbal*, certain claims must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), which places more stringent pleading requirements on cases alleging fraud. *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301 (11th Cir. 2002). "[U]nder Rule 9(b) allegations of fraud must include facts as to time, place, and substance of the defendant's alleged fraud." *Id.* at 1308 (citation and internal quotations omitted). The Rule 9(b) particularity requirement for fraud allegations exists to put defendants on notice as to the exact misconduct with which they are charged and to protect defendants against spurious charges. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). The failure to satisfy Rule 9(b)'s pleading requirements amounts to a failure to state a claim under Rule 12(b)(6) and requires dismissal of the complaint. *See, e.g., Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

### III. DISCUSSION

#### A. Rule 8(a)

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit has established that a shotgun pleading is

an unacceptable form of establishing a claim for relief. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357, n.8 (11th Cir. 2018) (collecting cases).

Plaintiffs' Amended Complaint, while somewhat improved from the previous complaint, remains a deficient shotgun pleading. Although the Amended Complaint contains fewer irrelevant allegations—for example, no plaintiff narratives are present in the Amended Complaint—resulting in a more concise pleading, it still suffers from many of the same defects the Court discussed in its previous dismissal order. The Amended Complaint continues to incorporate unnecessary statutory background and legal argument. *E.g.,* doc. 20 at ¶ 104, n.1. The Amended Complaint also continues to lump defendants together without discerning between the actions of each defendant. *E.g., id.* at ¶¶ 55-58. And, the Amended Complaint continues to impermissibly state causes of action which rely on multiple statutory bases. Indeed, all of Plaintiffs' stated causes of action each rely on both federal and Florida statutory law. As before, Count Five attempts to state a claim for denial of rights under the Americans with Disabilities Act, 42 U.S.C. §§ 1201 *et seq.* while also incorporating and relying upon "related" Florida statutes. *Id.* at ¶¶ 103-124. And Counts One through Four each rely on both the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 and Fla. Stat. § 772.103, two related but different statutes. *Id.* at ¶¶ 70-102.

In addition to faulting Plaintiffs' Amended Complaint for being a shotgun pleading, Defendants assert Plaintiffs fail to state a claim under the Americans with Disabilities Act ("ADA") in Count Five because Royal Palm HOA lacks standing. Defendants argue Royal Palm HOA lacks standing because no individual plaintiff alleges a specific disability, because ADA compliance is not part of an HOA's purpose, and because Royal Palm is not a place of public accommodation.

The Supreme Court has

recognized that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333 (1977). There are significant questions here as to whether (1) the interests Royal Palm HOA seeks to protect are "germane to" its purpose as an HOA and (2) the claim requires the participation of individual members. Royal Palm HOA fails in the Amended Complaint and in its response to the Motion to Dismiss to offer a basis for its standing. Therefore, to the extent Count Five is a claim under the ADA, and to the extent it is brought by Royal Palm HOA, the claim is dismissed, without prejudice, for lack of standing as to Royal Palm HOA.

In addition, as discussed *supra*, the Court will dismiss all counts of Plaintiffs' Amended Complaint because it remains a deficient shotgun pleading. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014). Plaintiffs, however, will be given a final opportunity to file a more definite statement which conforms to the Federal Rules of Civil Procedure.

**B. Rule 9(b)**

In Counts One through Four, Plaintiffs bring claims against Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO") and Florida's counterpart, Fla. Stat. § 772.103.[1]

At the outset, to state a RICO claim, a plaintiff must sufficiently allege "that a defendant participated in an illegal enterprise through a pattern of racketeering activity." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing 18 U.S.C. § 1962(c)) (internal

---

[1] A Florida RICO claim requires the same elements as a federal RICO Claim, but "violation of the Florida RICO statute requires allegations of predicate acts that violated Florida law, rather than Federal law." *Design Pallets, Inc. v. GrayRobinson, P.A.*, 515 F. Supp. 2d 1246, 1257 (M.D. Fla. 2007).

quotation marks omitted). "Racketeering activity" includes various criminal offenses, such as mail and wire fraud. *See* 18 U.S.C. § 1961(1). To allege a pattern of racketeering, a plaintiff must allege "at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity." *Am. Dental Ass'n*, 605 F.3d at 1290.

An alleged pattern of racketeering consisting of predicate acts of mail and wire fraud "must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed.R.Civ.P. 9(b)'s heightened pleading standard." *Id.* at 1291. Thus,

> a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud."

*Id.* (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir.1997)). The plaintiff must allege such facts "with respect to each defendants' participation in the fraud." *Id.*

Plaintiffs base Defendants' alleged racketeering activity on mail and wire fraud. Doc. 20 at ¶¶ 71.d., 72.a., 73.d., 74.a., 75.a., 81.d., 82.a., 83.d., 84.a., 85.a., 93, 101. Plaintiffs' allegations within each of Counts One through Four are relatively bare, reciting the elements of a RICO claim and referring back to previous paragraphs for relevant factual allegations. In discussing Defendants' alleged predicate acts of mail and wire fraud, Plaintiffs refer back to the allegations "described in paragraphs 55 to 65". *Id.*

Paragraph 60 states that all nine Defendants used or caused "the U.S. Postal Service or interstate wires to deliver each and every telephone call, email, and letter described in paragraphs" 71 through 110. *Id.* at ¶ 60. Paragraphs 71 through 110, however, are the paragraphs comprising Counts One through Four which refer to paragraphs 55 through 65. The result is a circular reference to the same paragraphs, none of which specifically describe the allegedly fraudulent

statements, documents or misrepresentations or the specific defendant responsible for the documents or statements as required by Rule 9(b).

Plaintiffs' other factual allegations, set forth in the "Background" section of the Amended Complaint, lack particularity. *See, e.g., id.* at ¶¶ 27-29 (stating Sun Communities, Royal Palm Village, and American Land Lease Asset Investors "falsely represented" that the purchase of Royal Palm was through an "unsolicited offer" and that those defendants "concealed that the offer was solicited," without providing information about the precise statements, documents, or misrepresentations made). To be sure, at least a few paragraphs in the Amended Complaint describe the content of fraudulent misrepresentations by specific defendants. *See, e.g., id.* at ¶¶ 35-40. But Plaintiffs' disorganized counts do not make clear which of these allegations are relevant to which defendant(s) and count(s) or alternative count(s), resulting in vague allegations lacking the particularity required by Rule 9(b).[2]

Plaintiffs' Amended Complaint fails to comply with Rule 8(a) and Rule 9(b) and warrants dismissal.

Accordingly, it is **ORDERED:**

1. Defendants' Motion to Dismiss Amended Complaint (Doc. 25) is **GRANTED.**

2. Plaintiffs' Amended Complaint (Doc. 20) is **DISMISSED, without prejudice.**

3. Plaintiffs are granted leave to file a Second Amended Complaint within **FOURTEEN (14) DAYS** from the date of this Order, which corrects the deficiencies discussed in this Order.

---

[2] Some of Defendants' additional arguments in the Motion to Dismiss, including that an omitted material exhibit resolves Plaintiffs' claims in Defendants' favor, are based on factual considerations, and are more appropriately addressed upon a motion for summary judgment. Additional arguments Defendants provide in support of the dismissal of the RICO counts are not discussed in detail here because the arguments discussed above are dispositive. If Plaintiffs' pleading remains deficient after amendment, the Court will address the additional arguments in later motions to the extent the same issues are raised.

4. Failure to file a Second Amended Complaint within the time provided will result in dismissal of this action without further notice.

5. Plaintiffs' pending Motion for Class Certification (Doc. 22) is **DENIED, without prejudice,** as moot.

**DONE AND ORDERED** in Tampa, Florida on February 21, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to: All Counsel of Record
All *Pro Se* Parties