UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROYAL PALM VILLAGE
RESIDENTS, INC., et al.,

      Plaintiffs,

v.                               CASE NO. 8:19-cv-874-CEH-SPF

MONICA SLIDER, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Rule 11 Sanctions (Doc. 63) as to Plaintiffs' Amended Complaint and Defendants' Motion for Rule 11 Sanctions (Doc. 62) as to Plaintiffs' Second Amended Complaint.  Plaintiffs filed an Omnibus Response in Opposition (Doc. 64).  For the reasons discussed below, it is recommended that the motions be denied.

## BACKGROUND

On April 12, 2019, Plaintiff Royal Palm Village Residents, Inc. ("Royal Palm HOA") filed its 108-page Complaint (Doc. 1) on behalf of the homeowner-members in its representative capacity and on behalf of themselves and all others similarly situated. Royal Palm HOA describes itself as an incorporated mobile homeowner association and the legal representative of a class of over 400 elderly current and former mobile homeowners in the Royal Palm Village Mobile Home Park (the "Royal Palm"), located in Haines City, Florida (Doc. 1 at ¶ 17).  The Complaint alleged four RICO claims under both Florida and federal law, a claim under the Americans with Disabilities Act ("ADA"),

and state-law based claims for unjust enrichment, Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and the Florida Mobile Home Act ("FMHA") against 12 defendants: the individual and corporate owners and operators of the Royal Palm, a law firm that represented the owners and operators of the Royal Palm, and an attorney of the law firm (Doc. 1 at ¶¶ 22-47).  The Complaint alleged the defendants were responsible for "fraudulent and conspiratorial acts since 2015 to illegally and unreasonably deceive over 400 elderly mobile homeowners [and Royal Palm HOA that [the Royal Palm] was lawfully purchased" (Doc. 1 at ¶ 1).  The initial Complaint was dismissed by the Court, *sua sponte*, as a "deficient shotgun pleading" (Doc. 17).  The Court found the incorporation of lengthy statutory background, legal conclusions, and narrative fell short of Rule 8's requirements and resulted in a confusing, vague, and incomprehensible pleading (*id.*).  The Court further found the Complaint impermissibly failed to give defendants fair notice by lumping them together in various stated causes of action and impermissibly set forth causes of action that each relied on multiple statutory bases (*id.*).  The Court denied the defendants' pending motion to dismiss as moot and provided Royal Palm HOA leave to file an amended pleading (*id.*).

On July 3, 2019, Royal Palm HOA and additional individual Plaintiffs Gene Ashbury, James LeMonnier, Bonnie Lohmeyer, Fred Osier, Harry Rush, and Laurie Skemp filed a 50-page amended complaint (Doc. 20) alleging four RICO claims under both Florida and federal law and an ADA claim.  The Amended Complaint dropped some defendants, leaving the following nine: Monica Slider, Sheri Woodworth, Belinda Lawson, Sun Communities, Inc., Royal Palm Village, LLC, American Land Lease, Inc.,

Asset Investors Operating Partnership, L.P., Richard Lee, and Lutz, Bobo & Telfair, P.A. ("Defendants") (*id.*).  On September 12, 2019, Defendants served Plaintiffs with a motion for sanctions as to the Amended Complaint (*see* Doc. 64 at 2).

On February 21, 2020, the Court granted Defendants' Motion to Dismiss (Doc. 25) and dismissed Plaintiffs' Amended Complaint (Doc. 20) without prejudice, finding that the Amended Complaint failed to comply with Rule 8(a) and 9(b), Federal Rules of Civil Procedure (Doc. 46).  On March 6, 2020, Plaintiffs filed their Second Amended Complaint (Doc. 47) asserting four federal RICO claims and an ADA claim.  In March 2020, Defendants filed motions to dismiss (Docs. 48, 49)[1] and a motion to take judicial notice of Plaintiffs' responses to Defendants' requests for admission (Doc. 50) and served Plaintiffs with a motion for sanctions as to the Second Amended Complaint (*see* Doc. 64 at 2).

On May 18, 2020, Plaintiffs filed a motion for leave to file voluntary dismissal without prejudice (Doc. 58).  On June 2, 2020, Defendants filed with the Court their Motion for Rule 11 Sanctions (Doc. 63) as to the Amended Complaint and Motion for Rule 11 Sanctions (Doc. 62) as to the Second Amended Complaint.  On August 8, 2020, the Court denied without prejudice Plaintiffs' motion for leave to file voluntary dismissal without prejudice for failure to include a memorandum of legal authority in violation of Local Rules (Doc. 66), and Plaintiffs filed their Notice of Voluntary Dismissal Without

---

[1] Defendants Monica Slider, Sheri Woodworth, Belinda Lawson, Sun Communities, Inc., Royal Palm Village, LLC, American Land Lease, Inc., and Asset Investors Operating Partnership, L.P. filed a motion to dismiss (Doc. 48), and Defendants Richard Lee and Lutz, Bobo & Telfair, P.A. filed a separate motion to dismiss (Doc. 49).

3

Prejudice (Doc. 68).   On October 1, 2020, approving Plaintiffs' Notice of Voluntary Dismissal Without Prejudice, the Court dismissed the action without prejudice (Doc. 72).[2]

## DISCUSSION

"The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts."   *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (quoting 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 11.03 (3d ed. 2010)).   When an attorney files a pleading in federal court, the attorney signs the pleading to certify that, among other things, (1) the pleading is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery.   Fed. R. Civ. P. 11(b).

A district court may award Rule 11 sanctions:

(1) when a party files a pleading that has no reasonable basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument

---

[2] Because Defendants had not filed an answer or a motion for summary judgment and because an uncertified class is not subject to Federal Rule of Civil Procedure 23(e), Plaintiffs' voluntary dismissal of the action was self-executing, and no subsequent court order was required.   Fed. R. Civ. P. 41(a)(1)(A)(i).   As such, the motion for leave to file voluntary dismissal (Doc. 58) filed by Plaintiffs was unnecessary in order to effectuate Plaintiffs' voluntary dismissal.   *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) (notice of a dismissal under Rule 41(a)(1)(A)(i) is self-executing and "effective immediately upon filing"; moreover, "[t]he fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence") (citations omitted). The Court, however, retains jurisdiction to impose Rule 11 sanctions notwithstanding the Rule 41(a)(1) dismissal.   *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265-66 (11th Cir. 2021).

4

to change existing law; or (3) when the party files a pleading in bad faith
for an improper purpose.

*Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (per curiam) (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)).  Whether a violation has occurred and what sanctions, if any, to impose for a violation are matters committed to the discretion of the Court, and the standard of review on appeal is abuse of discretion. Fed. R. Civ. P. 11, Advisory Comm. Notes, 1993 Amend.

"The standard for testing conduct under amended Rule 11 is 'reasonableness under the circumstances....'" *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988) (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987)).  Courts determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified.  *In re Engle Cases*, 283 F. Supp. 3d 1174, 1211 (M.D. Fla. 2017) (citations omitted).  Bad faith is not necessarily required to constitute a violation of Rule 11.  *Id.*

In ruling on Rule 11 motions for sanctions, the Court asks: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous."  *Peer*, 606 F.3d at 1311 (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001)).  The Advisory Committee's Notes to Rule 11 highlight "the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable...."  Fed. R. Civ. P. 11, Advisory Comm. Notes, 1993 Amend.  In fact, "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention."  *Id.*  And "[t]he court is expected to avoid

5

using wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11, Advisory Comm. Notes, 1983 Amend.

Rule 11 provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."   Fed. R. Civ. P. 11(c)(2).  This "safe harbor" provision was added as part of the 1993 amendments to Rule 11.   The Advisory Committee's Notes set forth the reasons for the addition as follows:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.  Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed. R. Civ. P. 11, Advisory Comm. Notes, 1993 Amend.  Moreover, the Advisory Committee's Notes further point out that "[o]rdinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely…. Given the 'safe harbor' provisions … a party cannot delay serving its Rule 11 motion until conclusion of the case…."  *Id.*

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent

exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."  Fed. R. Civ. P. 11(c)(1).  Rule 11 sanctions are varied, allowing for nonmonetary directives, penalties, or payment to the movant of part or all of the reasonable attorney's fees and expenses directly resulting from the violation.  Fed. R. Civ. P. 11(c)(4).

        <u>Motion for Rule 11 Sanctions (Doc. 63) as to the Amended Complaint</u>

        The district judge *sua sponte* dismissed the initial Complaint without prejudice as a "shotgun pleading that does not provide the Court or Defendants with sufficient notice of the claims asserted" (Doc. 17 at 1).  In addition, the Order denied Defendants' pending Motion to Dismiss (Doc. 8) as moot.  The Order did not indicate that any of Plaintiffs' claims were not being properly pursued.  Instead, the Order pointed out the Complaint's defects pursuant to Federal Rules of Civil Procedure 8 and 10 and gave Plaintiffs leave to file an Amended Complaint.

        Defendants then moved to dismiss Plaintiffs' Amended Complaint, and the district judge granted Defendants' motion to dismiss but similarly dismissed the Amended Complaint without prejudice—granting Plaintiffs leave to file a Second Amended Complaint (Doc. 46 at 8).  The Order indicated that the Amended Complaint "while somewhat improved from the previous complaint, remains a deficient shotgun pleading" (Doc. 46 at 5).  More specifically, the Court pointed out that although the Amended Complaint contained fewer irrelevant allegations—resulting in a more concise pleading— it still suffered from many of the same defects that were discussed in the previous dismissal order, *i.e.*, the Amended Complaint continued to incorporate unnecessary statutory

background and legal argument, lump Defendants together without discerning between the actions of each Defendant, and impermissibly state causes of action that rely on multiple statutory bases (Doc. 46 at 5).  As to Defendants' argument that Plaintiffs failed to state a claim under the Americans with Disabilities Act in Count Five because Royal Palm HOA lacked standing, the Court found that there were significant questions as to whether (1) the interests Royal Palm HOA seeks to protect are "germane to" its purpose as an HOA and (2) the claim requires the participation of individual members (Doc. 46 at 6).  The Court noted that Royal Palm HOA failed in both the Amended Complaint and in its response to the Motion to Dismiss to offer a basis for its standing.  As such, the Court dismissed Count Five, without prejudice, for lack of standing to the extent that it was a claim under the ADA and to the extent that it was brought by Royal Palm HOA (Doc. 46 at 6).  The Court also dismissed Counts One through Four, which alleged federal and state RICO violations, finding they were plead without the particularity required by Federal Rule of Civil Procedure 9(b) (Doc. 46 at 6-8).  The Court also specifically noted in a footnote that:

> Some of Defendants' additional arguments in the Motion to Dismiss, including that an omitted material exhibit resolves Plaintiffs' claims in Defendants' favor, are based on factual considerations, and are more appropriately addressed upon a motion for summary judgment.  Additional arguments Defendants provide in support of the dismissal of the RICO counts are not discussed in detail here because the arguments discussed above are dispositive.  If Plaintiffs' pleading remains deficient after amendment, the Court will address the additional arguments in later motions to the extent the same issues are raised.

(Doc. 46 at 8 n. 2).  The Court never indicated that any of Plaintiffs' claims were not being properly pursued such that a reasonable lawyer would have known that improved claims

would have no reasonable chance of success.  *See Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 916 (11th Cir. 2003) (per curiam) (holding district court abused its discretion in awarding sanctions where district court's dismissal order stated that RICO was not the proper remedy for plaintiffs to pursue but also pointed out the pleading defects in plaintiffs' RICO claims and gave plaintiffs leave to file an amended complaint—creating an ambiguity that a reasonable attorney could interpret as inviting better pleaded RICO claims); *Ambrosia Coal & Constr. Co. v. Pages Morales*, No. 99-7677-CIV, 2005 WL 8157512, at *5 (S.D. Fla. Nov. 18, 2005) ("Nor does this Court find the act of re-pleading a claim, even a weak one, grounds for Rule 11 sanctions, especially where the pleader was given leave to amend without the benefit of a definitively contrary ruling."), *report and recommendation adopted in part and rejected in part on other grounds*, 2006 WL 8448087 (S.D. Fla. Oct. 4, 2006); *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1005 (2d Cir. 1988) (reversing district court's Rule 11 award because plaintiff was specifically given leave to replead). Here, all the bases for dismissal of Plaintiffs' claims were based on insufficient pleading and not because the claims were unavailable as a matter of law.  Moreover, the Court offered an opportunity to amend.  As such, Plaintiffs re-pleading their claims is not sanctionable under these circumstances, and it is recommended that Defendants' Motion for Rule 11 Sanctions (Doc. 63) as to the Amended Complaint be denied.

<u>Motion for Rule 11 Sanctions (Doc. 62) as to the Second Amended Complaint</u>

Defendants argue that the imposition of sanctions pursuant to Rule 11 as to Plaintiffs' Second Amended Complaint is warranted on three independent grounds: "(1) the claims are not warranted by existing law or a nonfrivolous or good faith argument for

9

an extension, modification or reversal of existing law or establishment of new law; (2) the claims are not supported by the necessary material facts and investigation and discovery by Defendants which demonstrated *before* Plaintiffs filed the second amended complaint that the claims brought lacked evidentiary support; and (3) the RICO and other claims were brought in bad faith for an improper purpose as evidence[d] by the direct contradiction of Plaintiffs' prior admissions" (Doc. 62 at 5).

Defendants, however, have not established entitlement to sanctions, on the merits, under Rule 11. Defendants' motion is less than a model of clarity and suffers from conclusory arguments, the failure to provide adequate cites to the record, and an absence of citation to relevant, supporting authority. *See Ward v. Carnival Corp.*, No. 17-24628-CV, 2019 WL 1228063, at *12 (S.D. Fla. Mar. 14, 2019) ("[movant] does not support this argument with any legal authority … and so the Motion should be denied on this basis alone"). Simply stating an issue exists or presenting an argument, without adequate citations to the record or to authority that supports the exact proposition being argued, is unavailing. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. … Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (citations and internal quotations omitted).

Here, for example, Defendants argue that "[n]o 'deceit' attended the negotiation of the Five-Year Agreement" because Plaintiffs admitted it in their Rule 36 admissions

(Doc. 62 at 10).   Defendants vaguely assert that Plaintiffs "make dozens of binding admissions that directly contradict their allegations and undercut their claims" (Doc. 62 at 10).   Not only do Defendants fail to give a record cite to Plaintiffs' responses to the requests for admission (Doc. 50-1), but they also fail to specify to which of the 157 of Plaintiffs' responses they are offering in support of their argument.   Moreover, the only case cited regarding admissions, albeit in another section of the motion (Doc. 62 at 18), *Ewing v. Ohre,* No. 1:12-CV-060-C, 2012 WL 12883329 (N.D. Tex. Nov. 8, 2012), is inapposite.   There a plaintiff made a demand for statutory damages and attorney's fees in his amended complaint despite admitting he was not entitled to any statutory damages or attorney's fees in his responses to defendants' requests for admissions.   *Id.*   Here the connection is not so clear.   Defendants fail to satisfactorily establish the interdependence of the admissions—that Royal Palm HOA had the statutory authority to execute the Five-Year Agreement and the Board of Directors of Royal Palm HOA approved the execution of the agreement, for example—with the allegation that some of the Defendants deceived Royal Palm HOA "to circumvent the normal 90 day advance written notice, statutory disclosure, and mediation negotiation process under § 723.037, *Fla. Stat.*, and to instead enter into a five year lot rental agreement…." (Doc. 47 at ¶ 32).[3]   The Court need not develop Defendants' conclusory arguments or address arguments unsupported by authority.   *Ward*, 2019 WL 1228063, at *6 ("[movant's] conclusory claim that the doctor's

---

[3] The only allegation from the Second Amended Complaint to which Defendants cite in arguing that Plaintiffs' admissions undercut any allegation of fraud is paragraph 32.   (*See* Doc. 62 at 9).

11

testimony will not assist the trier of fact – set forth in a throwaway paragraph, without citation to a single legal authority supporting the argument – is likewise ineffective"). To the extent that such undeveloped arguments are not specifically addressed in this Report and Recommendation, they have been considered and rejected. *See United States v. Perkins*, 204 F. App'x 799, 806 (11th Cir. 2006) ("With no substantive arguments to consider on these points, we do not address them."). Given the foregoing, the Court is unable to find from Defendants' motion that Plaintiffs have violated Rule 11 by filing their Second Amended Complaint.[4]

Even if Defendants had established Rule 11 violations, the timing of the filing of Defendants' motion weighs against awarding sanctions. Plaintiffs filed their Second Amended Complaint on March 6, 2020 (Doc. 47). Defendants served Plaintiffs with their motion for sanctions on March 20, 2020 (Doc. 64 at 2). On the same day, Defendants filed their motions to dismiss (Docs. 48, 49), and, on April 2 and 3, 2020, Plaintiffs filed their responses to Defendants' motions to dismiss (Docs. 51, 52, respectively). The 21-day safe harbor time period for Plaintiffs to withdraw or correct the challenged paper,

---

[4] Plaintiffs' Response in Opposition is equally inadequate in addressing the issues presented to the Court, albeit in a different respect. Plaintiffs' Response in Opposition mostly consists of case law excerpts that are ineffectually discussed in relation to Defendants' conclusory arguments. It is Defendants, however, that carry the steep burden of establishing the alleged violations of Rule 11. *Emergency Recovery, Inc. v. Hufnagle*, No. 8:19-cv-329-T-24JSS, 2019 WL 9089594, at * (M.D. Fla. June 12, 2019) ("All doubts regarding whether Rule 11 has been violated should be resolved in favor of the signer of the paper. Thus, the burden of proof as to whether the signer [h]as violated Rule 11 is on the Rule 11 movant." (quoting Georgene M. Vairo, *Rule 11 Sanctions: Case Law, Preventative Measures*, 223 (Richard G. Johnson ed., ABA, 3d ed. 2004))).

claim, defense, contention, or denial expired on April 10, 2020.[5]  Fed. R. Civ. P. 11(c)(2).

On May 18, 2020, however, Plaintiffs moved for leave to file a voluntary dismissal without

prejudice.  As discussed above, Plaintiffs did not need to seek leave of Court in order to

voluntarily dismiss their Second Amended Complaint.  *See supra* at 4 n. 2.  Plaintiffs'

voluntary dismissal of the action was self-executing, and no subsequent court order was

required.  Fed. R. Civ. P. 41(a)(1)(A)(i).  As such, for purposes of this analysis, the Court

considers the action dismissed as of May 18, 2020, and any subsequent procedural history

on the dismissal of the case is irrelevant.  On June 2, 2020, Defendants filed the instant

Rule 11 motions for sanctions (Docs. 62, 63), some 53 days after the expiration of the safe

harbor provision and 15 days after Plaintiffs voluntarily dismissed their action against

Defendants.

---

[5] The Court notes that Defendants do not even mention the safe harbor provision in their motions for sanctions, let alone represent to the Court that they have complied with the provision. *See Cap. Corp. Merch. Banking, Inc. v. Norwich*, No. 6:07-cv-1626-Orl-35KRS, 2009 WL 10671309, at *2 (M.D. Fla. June 2, 2009) ("Counsel for movant did not assert or present evidence that it served the motion twenty-one days before it was filed.  As such, the motion is due to be denied on that basis alone."), *report & recommendation adopted*, No. 6:07-cv-1626-Orl-35KRS, Doc. 97 (M.D. Fla. June 23, 2009).  Compliance with the safe harbor provision, for example, requires that the motions served on Plaintiffs be the *same* motions subsequently be filed with the Court. *See, e.g., Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1350-51 (S.D. Fla. 2009) ("By its plain language, Rule 11 requires a movant to file and serve *the same* sanctions motion."); *Hyman v. Borack & Assocs., P.A.*, No. 8:12-cv-1088-T-23TGW, 2012 WL 6778491, at *2-3 (M.D. Fla. Dec. 17, 2012) ("[Defendant's] failure to serve a copy of the actual motion for sanctions upon the plaintiff at least 21 days prior to its filing with the court warrants denial of the motion."), *report & recommendation adopted*, 2013 WL 68534 (M.D. Fla. Jan. 4, 2013).  Despite Defendants' failure to address compliance with the safe harbor provision, Plaintiffs state in their Response that the motions for sanctions were "served in conformity with the safe-harbor provision" (Doc. 64 at 2).  The Court assumes for purposes of this Report and Recommendation that the motions were properly served on Plaintiffs and that they are the same motions that were subsequently filed with the Court.

13

Because Defendants did not file their motion for sanctions until after Plaintiffs voluntarily dismissed their action, the requested sanctions are not warranted.    *See Cap. Corp. Merch. Banking, Inc. v. Norwich*, No. 6:07-cv-1626-Orl-35KRS, 2009 WL 10671309, at *2 (M.D. Fla. June 2, 2009) (recommending that defendant's motion for Rule 11 sanctions be denied "because it was not filed until the allegedly offending paper, the Second Amended Complaint, had been [voluntarily] dismissed [by the plaintiff]"), *report & recommendation adopted*, No. 6:07-cv-1626-Orl-35KRS, Doc. 97 (M.D. Fla. June 23, 2009); *Harding Univ. v. Consulting Servs. Grp., L.P.*, 48 F. Supp. 2d 765, 772 (N.D. Ill. 1999) (denying motion for Rule 11 sanctions because defendants failed to file their motion prior to being voluntarily dismissed).

Even if Plaintiffs were in violation of Rule 11 by failing to dismiss the Second Amended Complaint before the expiration of the safe harbor period, this violation was *de minimis* given the relatively short interval between the expiration of the safe harbor provision and Plaintiffs' dismissal of the action, which occurred prior to Defendants filing their Rule 11 motion.  Therefore, any such *de minimis* violation does not warrant sanctions. *See Harding Univ.*, 48 F. Supp. 2d at 772 (finding, in the alternative, sanctions not warranted because any violation was *de minimis* where defendants filed their Rule 11 motion after the expiration of the safe harbor period but also after plaintiffs voluntarily dismissed them); *Kinney v. Cnty. of Hennepin*, No. CIV. 02-963, 2002 WL 31163092, at *4 (D. Minn. Sept. 25, 2002) (finding minor delay in plaintiff's dismissal of the case outside the 21-day period was *de minimis* and declining to award sanctions as a matter of discretion).

14

Further undermining the propriety of Rule 11 sanctions, Defendants' motion fails to comply with Middle District of Florida Local Rule 3.01(g), which requires the movant to confer with the opposing party in a good faith effort to resolve the motion prior to filing it.[6] *See Morroni v. Gunderson*, 169 F.R.D. 168, 171-72 (M.D. Fla. 1996) (noting movants' failure to comply with Local Rule 3.01(g) as one of the bases for the court's denying Rule 11 motion); *see also Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2015 WL 1412363, at *5 (S.D. Fla. Mar. 26, 2015) (denying sanctions motion because movant did not comply with local rules' meet and confer requirements). The likelihood of success of the 3.01(g) conferral process does not factor into the movant's duty to comply with the rule. Accordingly, Defendants' failure to confer with Plaintiffs prior to filing the motions for sanctions is another basis for denying the motion.

For the reasons set forth herein, the Court concludes that Defendants do not present a situation that clearly warrants the imposition of Rule 11 sanctions. Even assuming a stronger fact scenario, the decision of whether to impose Rule 11 sanctions is left to the discretion of the courts, and it is recommended that the Court decline to impose sanctions on the facts and legal issues presented here.

---

[6] The Middle District of Florida revised its Local Rules effective February 1, 2021. While the revisions to Local Rule 3.01(g) would not affect the Court's analysis, the Court notes that instant motion was filed under the prior version of the Local Rules.

Accordingly, it is hereby

**RECOMMENDED**:

(1) Defendants' Motion for Rule 11 Sanctions (Doc. 63) as to Plaintiffs' Amended Complaint be **DENIED**.

(2) Defendants' Motion for Rule 11 Sanctions (Doc. 62) as to Plaintiffs' Second Amended Complaint be **DENIED**.

**IT IS SO REPORTED** in Tampa, Florida, on this 2nd day of August 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc:    Hon. Charlene E. Honeywell