UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROYAL PALM VILLAGE
RESIDENTS, INC., et al.,

    Plaintiffs,
v.　　　　　　　　　　　　　　　　　　　　CASE NO. 8:19-cv-874-CEH-SPF

MONICA SLIDER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Verified Motion for Award of Attorney's Fees (Doc. 73), Notice of Supplemental Authority (Doc. 75), and Declaration in Support (Doc. 76).[1] Plaintiffs filed a Response in Opposition thereto (Doc. 80). For the reasons discussed below, it is recommended that the motion be granted in part and denied in part.

## BACKGROUND

On April 12, 2019, Plaintiff Royal Palm Village Residents, Inc. ("Royal Palm HOA") filed its 108-page Complaint (Doc. 1) on behalf of the homeowner-members in its representative capacity and on behalf of themselves and all others similarly situated. Royal Palm HOA describes itself as an incorporated mobile homeowner association and the legal representative of a class of over 400 elderly current and former mobile homeowners in the Royal Palm Village Mobile Home Park (the "Royal Palm"), located in Haines City, Florida

---

[1] Defendants specify that this motion is not intended to address the award of attorney's fees as a sanction under Rule 11 and is separate from the sanctions sought in their Rule 11 motions (Docs. 62, 63). Defendants' Rule 11 motions are contemporaneously addressed in a separate Report and Recommendation.

(Doc. 1 at ¶ 17). The Complaint alleged four RICO claims under both Florida and federal law, a claim under the Americans with Disabilities Act ("ADA"), and state-law based claims for unjust enrichment, Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and the Florida Mobile Home Act ("FMHA") against 12 defendants: the individual and corporate owners and operators of the Royal Palm, a law firm that represented the owners and operators of the Royal Palm, and an attorney of the law firm (Doc. 1 at ¶¶ 22-47). The Complaint alleged the defendants were responsible for "fraudulent and conspiratorial acts since 2015 to illegally and unreasonably deceive over 400 elderly mobile homeowners [and Royal Palm HOA] that [the Royal Palm] was lawfully purchased" (Doc. 1 at ¶ 1). The initial Complaint was dismissed by the Court, *sua sponte*, as a "deficient shotgun pleading" (Doc. 17). The Court found the incorporation of lengthy statutory background, legal conclusions, and narrative fell short of Rule 8's requirements and resulted in a confusing, vague, and incomprehensible pleading (*id.*). The Court further found the Complaint impermissibly failed to give defendants fair notice by lumping them together in various stated causes of action and impermissibly set forth causes of action that each relied on multiple statutory bases (*id.*). The Court denied the defendants' pending motion to dismiss as moot and provided Royal Palm HOA leave to file an amended pleading (*id.*).

On July 3, 2019, Royal Palm HOA and additional individual Plaintiffs Gene Ashbury, James LeMonnier, Bonnie Lohmeyer, Fred Osier, Harry Rush, and Laurie Skemp filed a 50-page Amended Complaint (Doc. 20) alleging four RICO claims under both Florida and federal law and an ADA claim. The Amended Complaint dropped some defendants, leaving the following nine: Monica Slider, Sheri Woodworth, Belinda Lawson, Sun Communities, Inc., Royal Palm Village, LLC, American Land Lease, Inc., Asset Investors Operating

Partnership, L.P., Richard Lee, and Lutz, Bobo & Telfair, P.A. ("Defendants") (*id.*). On September 12, 2019, Defendants served Plaintiffs with a motion for sanctions as to the Amended Complaint (*see* Doc. 64 at 2).

On February 21, 2020, the Court granted Defendants' Motion to Dismiss (Doc. 25) and dismissed Plaintiffs' Amended Complaint (Doc. 20) without prejudice, finding that the Amended Complaint failed to comply with Rule 8(a) and 9(b), Federal Rules of Civil Procedure (Doc. 46). On March 6, 2020, Plaintiffs filed their Second Amended Complaint (Doc. 47) asserting four federal RICO claims[2] and an ADA claim. In March 2020, Defendants filed motions to dismiss (Docs. 48, 49)[3] and a motion to take judicial notice of Plaintiffs' responses to Defendants' requests for admission (Doc. 50) and served Plaintiffs with a motion for sanctions as to the Second Amended Complaint (*see* Doc. 64 at 2).

On May 18, 2020, Plaintiffs filed a motion for leave to file voluntary dismissal without prejudice (Doc. 58). On June 2, 2020, Defendants filed with the Court their Motion for Rule 11 Sanctions (Doc. 63) as to the Amended Complaint and Motion for Rule 11 Sanctions (Doc. 62) as to the Second Amended Complaint. On August 8, 2020, the Court denied without

---

[2] Defendants incorrectly state that Plaintiffs' Second Amended Complaint alleged Florida RICO claims. *See* Doc. 73 at 3 ("The Park Owners were each still lumped into two of the federal/Florida RICO claims [in the Second Amended Complaint]."). Plaintiffs, in fact, abandoned the Florida RICO claims alleged in the initial and Amended Complaints, and the Second Amended Complaint only alleges federal RICO claims (Doc. 47). While Defendants recognize that they are not the prevailing party on the federal RICO claims for purposes of a fee claim (*see* Doc. 47 at 9 n.7), they continue with an unsupported, unavailing argument that "[b]ut, because the federal and Florida claims were intertwined and conflated in the complaints that is a vacant distinction for purposes of determining fees" (*id.*). To the extent that Defendants are inviting the Court to construe the Second Amended Complaint as alleging Florida RICO claims for attorneys' fees purposes, it declines.

[3] Defendants Monica Slider, Sheri Woodworth, Belinda Lawson, Sun Communities, Inc., Royal Palm Village, LLC, American Land Lease, Inc., and Asset Investors Operating Partnership, L.P. jointly filed a motion to dismiss (Doc. 48), and Defendants Richard Lee and Lutz, Bobo & Telfair, P.A. jointly filed a separate motion to dismiss (Doc. 49).

prejudice Plaintiffs' motion for leave to file voluntary dismissal without prejudice for failure to include a memorandum of legal authority in violation of Local Rules (Doc. 66), and Plaintiffs filed their Notice of Voluntary Dismissal Without Prejudice (Doc. 68). On October 1, 2020, approving Plaintiffs' Notice of Voluntary Dismissal Without Prejudice, the Court dismissed the action without prejudice (Doc. 72).[4]

## DISCUSSION

Defendants seek attorney's fees in the amount of $212,330.50. Defendants' primary assertion is that because all the state law claims are "based solely on alleged violations of the FMHA" and the FMHA provides reasonable attorney's fees to the prevailing party, Defendants are entitled to the attorney's fees being sought in their motion (Doc. 73 at 2). Unfortunately, the awarding of attorney's fees in this case is not that simple.[5]

---

[4] Because Defendants had not filed an answer or a motion for summary judgment and because an uncertified class is not subject to Federal Rule of Civil Procedure 23(e), Plaintiffs' voluntary dismissal of the action was self-executing, and no subsequent court order was required. Fed. R. Civ. P. 41(a)(1)(A)(i). As such, the motion for leave to file voluntary dismissal (Doc. 58) filed by Plaintiffs on May 18, 2020 was unnecessary in order to effectuate Plaintiffs' voluntary dismissal. *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) (notice of a dismissal under Rule 41(a)(1)(A)(i) is self-executing and "effective immediately upon filing"; moreover, "[t]he fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence") (citations omitted).

[5] The Court notes that Plaintiffs' Response in Opposition (Doc. 80) does not address the substantive issues regarding entitlement to attorneys' fees presented in Defendants' motion. Instead, Plaintiffs raise a meritless argument that Florida Statute § 723.037(6) precludes an award of attorney's fees pursuant to the FMHA when a party refuses a request to mediate. While Florida Statute § 723.037(6) does preclude attorney's fees under such a situation, Plaintiffs do not assert that they made a request to mediate that was refused by Defendants. Instead, Plaintiffs invite the Court to apply this statute to the allegation in their several complaints that Defendants caused an agreement to include language that eliminated Royal Palm HOA's rights to petition for mediation as to provisions of that agreement. Allegations in a complaint regarding an agreement's waiver of a right to petition for mediation is not the same as making, and having refused by the opposing party, a request to mediate in a case at bar. *See Vidibor v. Adams*, 509 So.2d 973, 974 (Fla. 5th DCA 1987) ("Section 723.037(6) provides that upon proper request, a party shall not be entitled to attorney's fees if that party

4

**Entitlement to Attorney's Fees**

Federal courts adjudicating state law claims apply state substantive law and federal procedural law. *Shelton v. Schar*, No. 5:17-cv-86-Oc-PGBPRL, 2018 WL 6261485, at *1 (M.D. Fla. Oct. 18, 2018) (citing *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011)). State "[s]tatutes allowing for the recovery of attorney's fees generally apply in federal court because they reflect the substantive policy of the state." *Id.* (citing *Horowitch*, 645 F.3d at 1259). Accordingly, the Court will discuss Defendants' entitlement to attorney's fees pursuant to each state law claim in turn.

- *FMHA Claim(s)*

The Court agrees that the FMHA provides a mandatory award of attorney's fees on FMHA claims for the prevailing party. *See* Fla. Stat. § 723.068 ("in any proceeding between private parties to enforce provisions of this chapter, the prevailing party is entitled to a reasonable attorney's fee"); *see also Vidibor v. Adams*, 509 So.2d 973, 974 (Fla. 5th DCA 1987). This, however, begs the questions whether Plaintiffs' Florida RICO, FDUPTA, and unjust enrichment claims can be considered FMHA claims for purposes of applying the FMHA's mandatory attorney's fees provision and whether Defendants are the "prevailing party" as to Plaintiffs' FMHA claim(s).

Defendants' argument is as follows. Florida Statute § 723.068 provides that "in any proceeding between private parties to enforce provisions of [the FMHA], the prevailing party is entitled to a reasonable attorney's fees." Fla. Stat. § 723.068. This lawsuit is a "proceeding" that was brought "to enforce provisions" of the FMHA because violations of the FMHA

---

refuses to agree to mediate or arbitrate. But no contention is made in this case that anyone requested mediation or arbitration.").

5

underlie all of the claims. Therefore, according to Defendants, they are entitled to a mandatory award of their attorney's fees on Plaintiffs' Florida RICO, FDUPTA, and unjust enrichment claims in addition to Plaintiffs' FMHA claim. Defendants, however, provide no authority or caselaw for this extrapolation,[6] and the Court is wary of broad expansions of attorney's fees statutes with no basis. Thus, the answer to the first question—whether Plaintiffs' Florida RICO, FDUPTA, and unjust enrichment claims can be considered FMHA claims for purposes of applying FMHA's mandatory attorney's fees provision—is no.

As such, the Court finds that there was, in fact, only one FMHA claim asserted in this case to which mandatory attorney's fees pursuant to Florida Statute § 723.068 applies—Count Eight in the initial Complaint (Doc. 1), which was abandoned and not alleged in the Amended Complaint. This brings the undersigned to the second question—whether Defendants are the "prevailing party" as to Plaintiffs' FMHA claim. The Court agrees with Defendants that, under Florida law, when a plaintiff voluntarily dismisses its claims without prejudice, the defendant is generally considered the prevailing party. *Thornber v. City of Fort Walton Beach*, 568 So.2d 914, 919 (Fla. 1990); *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014). In fact, a defendant is entitled to attorney's fees even though the plaintiff may ultimately refile the case and prevail on the merits of the litigation. *See Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So.2d 316, 317-18 (Fla. 4th DCA 2006) (affirming attorney's fee award against plaintiff who voluntarily dismissed claims but later prevailed). Defendants, however, are not seeking attorney's fees

---

[6] The case of *Raymond James Financial Services, Inc. v. Phillips*, 126 So.3d 186, 190 (Fla. 2013), is only cited by Defendants for the assertion that a "lawsuit" is included within the definition of a "proceeding" under Florida law (Doc. 73 at 8). The Court does not question that assertion.

on the claims that Plaintiffs voluntarily dismissed, *i.e.*, Plaintiffs' federal RICO and ADA claims. Instead, Defendants are seeking to be found the prevailing party on a claim that Plaintiffs abandoned when they did not reallege in it in their Amended Complaint. Defendants, however, provide no discussion or citation to authority as to whether a defendant, under Florida law, is considered the prevailing party when the plaintiff abandons his or her claims against the defendant.

While very limited, the Court found some Florida case law to support the contention that a defendant can be considered a prevailing party on an abandoned claim. A Florida District Court of Appeal in *E & A Produce Corporation v. Superior Garlic Int'l, Inc.*, 864 So.2d 449 (Fla. 3d DCA 2003), stated that "[p]rior to the adoption of [Florida Rule of Civil Procedure] 1.525 in 2001, Florida case law permitted motions for attorney's fees to be filed within a reasonable time of the plaintiff's abandonment of the claim or within a reasonable time after final judgment is entered." *Id.* at 451. Interestingly, none of the three Florida Supreme Court cases cited by the Third District Court of Appeal in support of this proposition, however, address or concern an abandoned claim. *See Stockman v. Downs*, 573 So.2d 835, 838 (Fla. 1991); *Folta v. Bolton*, 493 So.2d 440, 444 (Fla. 1986); *Finkelstein v. N. Broward Hosp. Dist.*, 484 So.2d 1241 (Fla. 1986). Moreover, Florida Rule of Civil Procedure 1.525, "Motions for Costs and Attorneys' Fees," states that: "Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party" but omits mention of abandoned claims. Nonetheless, the court in *E & A Produce* went on to find that the 30-day time limit imposed by Rule 1.525 did not apply, and the defendant's motion seeking attorney's fees on the plaintiff's

7

abandoned claim would be subject, instead, to a "reasonable time." *E & A Produce*, 864 So.2d at 451

Similarly, in *Kapila v. AT&T Wireless Services, Inc.*, 973 So.2d 600 (Fla. 3d DCA 2008), the Third District Court of Appeal, without discussion or citation to authority, implied a defendant can be considered a prevailing party on an abandoned claim when the court held that it was premature to award attorney's fees on an abandoned claim prior to the end of the case because a prevailing party could not be determined until all the claims were resolved. *Id.* at 602-03. In addition, there is at least one federal case that awards attorney's fees for abandoned claims, albeit without discussion in the order or in the underlying briefing as to the authority for doing so. *See Barmapov v. Amuail*, No. 18-cv-80390, 2019 WL 11639536 (S.D. Fla. Nov. 21, 2019), *report & recommendation adopted*, 2019 WL 11639547 (S.D. Fla. Dec. 10, 2019); *see also Barmapov v. Amuail*, No. 18-cv-80390, Docs. 202, 209 (S.D. Fla.). As such, the Court finds that the answer to the second question—whether Defendants are the "prevailing party" as to Plaintiffs' FMHA claim—is yes. Accordingly, the undersigned recommends awarding attorney's fees on Plaintiffs' FMHA claim (Count Eight in the initial Complaint).

- *Florida RICO Claims*

Defendants argue that, even if they are not entitled to attorney's fees by virtue of the fact that the RICO predicate acts are based on violations of the FMHA, the Florida RICO statutes provide an independent basis for fees. In order to award attorney's fees, Florida's RICO statute requires a finding that the claims were "without substantial fact or legal support." Fla. Stat. § 772.104. The cases cited by Defendants, however, highlight a higher threshold for this finding than that present in this case. *See Colite Int'l, Inc. v. Robert L. Lipton,*

*Inc.*, No. 05-60046-CIV, 2007 WL 9698300, at *4 (S.D. Fla. Mar. 13, 2007) (finding claims to be without substantial legal or factual support where the complaint was amended several times and the claims were ultimately dismissed with prejudice); *Hartford Ins. Co. v. Miller*, 681 So.2d 301, 302 (Fla. 3d DCA 1996) ("the district courts have consistently held that defendants are entitled to fees under section 772.104 where civil RICO counts were dismissed with prejudice or a verdict was directed in the defendant's favor"); *see also Foreman v. E.F. Hutton & Co.*, 568 So.2d 531, 532 (Fla. 3d DCA 1990) (attorney's fees awarded under section 772.104 where RICO count was dismissed with prejudice and case disposed of on the pleadings). Here, the Court did not reach the merits of the RICO claims. The Court's limited discussion of the legal or factual support alleged for the RICO claims was in the context of Federal Rule of Civil Procedure Rule 9(b)'s pleading with particularity requirement and recognized that "[t]o be sure, at least a few paragraphs in the Amended Complaint describe the content of fraudulent misrepresentations by specific defendants" (Doc. 46 at 8). Based on the line of cases awarding fees under § 772.104 when a dismissal with prejudice is entered and the specific facts of this case to the contrary, the undersigned cannot find that Plaintiffs' Florida RICO claims were "without substantial fact or legal support" or that an award of fees is warranted.

- *FDUTPA Claim*

Defendants similarly allege an alternative basis for Plaintiffs' FDUTPA claim. Florida Statute § 501.2105(1) allows the Court to award attorney's fees to the prevailing party on a FDUTPA claim after judgment is entered and all appeals are exhausted. Fla. Stat. § 501.2105(1). Here, Plaintiffs abandoned their FDUTPA claim when they filed their Amended Complaint, and no judgment was entered in this case on this or any other claim.

Florida law requires entry of judgment for attorney's fees to be awarded to a prevailing party under FDUPTA.  Fla. Stat. § 501.2105(1); *see Black Diamond Props., Inc. v. Haines*, 36 So.3d 819, 821 (Fla. 5th DCA 2010) ("[A]ttorneys' fees cannot be granted to [defendant] under section 501.2105(1) because judgment is not entered following a voluntary dismissal." (citing *Nolan v. Altman*, 449 So.2d 898, 900-01 (Fla. 1st DCA 1984)); *Sanborn v. Jagen Pty., Ltd.*, No. 8:10-cv-142-T-30MAP, 2010 WL 3781641, at *1-2 (M.D. Fla. Sept. 23, 2010) (defendants not entitled to attorney's fees under FDUTPA where plaintiff took voluntary dismissal and judgment was not entered); *Parra v. Minto Townpack LLC*, No. 08-14168-CIV, 2009 WL 2602678, at *2-3 (S.D. Fla. Aug. 21, 2009) (awarding defendant prevailing party attorney's fees under a contractual provision *but not under FDUTPA* following plaintiff's pre-answer Rule 41(a)(1)(A)(i) dismissal).  As such, the undersigned finds that this statute does not allow for attorney's fees under the circumstances presented in this case.

- *Unjust Enrichment Claim*

Defendants fail to provide any basis for an award of attorney's fees for Plaintiffs' unjust enrichment claim—as alleged in the initial Complaint—other than the FMHA statute.  For the reasons discussed above, Defendants are not entitled to attorney's fees for the unjust enrichment claim pursuant to the FHMA statute.

For the foregoing reasons, the Court recommends that attorney's fees only be awarded on Plaintiff Royal Palm HOA's FMHA claim.  Because Plaintiff Royal Palm HOA asserted its FMHA claim in the initial Complaint filed on April 12, 2019 (Doc. 1) and abandoned it when Plaintiff Royal Palm HOA and the additional individual Plaintiffs filed their Amended Complaint (Doc. 20) on July 3, 2019, which did not include an FMHA claim, Defendants are only entitled to claim their attorney's fees for that specific time period, *i.e.,* while the FMHA

10

claim was pending. *See Barmapov*, 2019 WL 11639536, at *7-8. The only exception to this limited temporal scope is that Defendants can recover for reasonable attorney's fees related to litigating entitlement to attorney's fees. *Id*. at *8 n. 4 (citing *Centennial Bank v. Noah Grp., LLC*, No. 10-10007-CIV, 2011 WL 13225190, at *6 (S.D. Fla. Mar. 31, 2011) (when a party seeks attorney's fees under a Florida statute, that party is not entitled to recover any fees for litigating the amount of fees, but the party can recover the fees for litigating whether the party is entitled to an award of fees and costs in the first place)). Defendants began litigating the attorney's fees issues in this case on August 11, 2020 (Doc. 73-1) and those amounts are also included below.

### Reasonableness of Hourly Rates

Again, when a claim for fees is based on a state statute, a federal court must follow the substantive law of the state in making its determination. *See Trans Coastal Roofing Co., Inc. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002). Florida has adopted the federal lodestar approach to the setting of a reasonable attorney's fee. *Florida Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150-51 (Fla. 1985). To calculate an award of attorney's fees under the lodestar method, a court must multiply the reasonable hourly rate by the reasonable hours expended in the litigation. *See Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart,* 461 U.S. 424 (1983)). A final lodestar amount "embodies a presumptively reasonable fee." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1164 (11th Cir. 2017) (citation omitted).

A "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)

(citations omitted).  Plaintiff "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."  *Id*.  However, "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Id.* at 1303 (quotation omitted).

Defendants request the following hourly rates[7]: $400-450 per hour for J. Allen Bobo, a partner with 38 years of experience[8]; $450 per hour for Mahlon H. Barlow, a partner with 31 years of experience; $450 per hour for Richard P. Lee, a partner with 41 years of experience; $450 per hour for Jody B. Gabel, a partner with 27 years of experience; and $110-150 per hour for Linda Pestano, a paralegal[9] (Doc. 73 at 15). To support the requested hourly rates, Defendants offer the Declaration of Joseph A. Geary (Doc. 76) as well as the biographies of each attorney (Doc. 73-2).  Mr. Geary opined that Mr. Bobo and Mr. Barlow's rates of $450 are reasonable but recommended reduction of Mr. Lee's rate to $400 because that is what he charged the client and reduction of Ms. Gabel's rate to $400 because that was her initial hourly rate charged.  As to Ms. Pestano, he opined that her initial hourly rate of $110 is low and $150 is high and recommended $135 per hour as a reasonable hourly rate for her work.  Plaintiff does not object to the reasonableness of the hourly rates requested (Doc.

---

[7] Defendants provide two fee charts, each of which contain the name of the practitioner, their hourly rate, their number of hours, and total fees.  One chart is identified as the "Association Fee Claim" and the other as "Individual Fee Claim."  Ostensibly, the "Association Fee Claim" chart is for work related to the initial Complaint, which was brought solely by the Royal Palm HOA, and the "Individual Fee Claim" chart refers to work related to the Amended and Second Amended Complaints, in which the Royal Palm HOA abandoned all its claims except the ADA claim and individual plaintiffs brought the RICO claims.  Because the only claim for which attorneys' fees should be awarded is the FMHA claim in the initial Complaint, the Court references the rates included in the "Association Fee Claim" chart.
[8] Mr. Bobo billed 29.1 hours at $400/hour and 57.2 hours at $450/hour.
[9] Ms. Pestano billed 2.3 hours at $110/hour and 3.9 hours at $150/hour.

80 at 3). *See Tacoronte v. Cohen*, No. 6:13-cv-418-Orl-18GJK, 2014 WL 5473567, at \*1, 4 (M.D. Fla. Oct. 28, 2014) (approving as unopposed the hourly rates requested by the associates and paralegals/law clerks), *vacated and remanded on other grounds*, 654 F. App'x 445 (11th Cir. 2016).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). Having considered the experience of the respective attorneys, the opinion of Defendants' expert, the complexity of the case, the Court's knowledge of market rates in the Tampa division, and the Court's findings regarding hourly rates in other cases, the Court finds that the hourly rates recommended by Defendants' expert are reasonable, *i.e.*, $450 for Mr. Bobo and Mr. Barlow, $400 for Mr. Lee, $400 for Ms. Gabel, and $135 for Ms. Pestano, but only to the extent they do not exceed the actual rate charged to the client, in which case the Court recommends using the actual rate charged to the client. *See Norman*, 836 F.2d at 1303 (a court may use its own experience and knowledge to determine the reasonable value of attorney services); *HealthPlan Servs., Inc. v. Dixit*, No. 8:18-cv-2608-T-23AAS, 2019 WL 7041837, at \*2 (M.D. Fla. Dec. 20, 2019) (same); *see also Bahrakis v. Zimmerman*, No. 8:19-cv-2948-T-24SPF, 2020 WL 4734929, at \*4 (M.D. Fla. Aug. 14, 2020) (finding reasonable the hourly rates of $400 for Mr. Bobo, $460 for Mr. Barlow, and $110 for Ms. Pestano in a case with claims similar to those in the instant action); *Suncoast Waterkeeper v. City of St. Petersburg*, No. 8:16-cv-3319-T-27AEP, 2020 WL 1512486, at \*6 (M.D. Fla. Mar. 30, 2020) (finding that $490 per hour for attorneys with 34 years of experience comported "with the hourly rates awarded in the Middle District of Florida for complex civil litigation and for the level of experience"). The Court has applied

the lower of the actual rate charged to the client or the rate recommended by Defendants' expert to the hours billed for the relevant time periods and calculated attorney's fees requested in the amount of $46,604.50.

### Reasonableness of Hours Expended

Next, the Court turns to the reasonableness of the hours expended. In calculating the hours reasonably expended on litigation, the Court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims. *Norman*, 836 F.2d at 1301-02. However, under Florida law, "[w]here … 'a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the trial court must evaluate the relationship between the claims' to determine the scope of the fee award." *Durden v. Citicorp Tr. Bank, FSB,* 763 F. Supp. 2d 1299, 1306 (M.D. Fla. 2011) (quoting *Chodorow v. Moore*, 947 So.2d 577, 579 (Fla. 4th DCA 2007)). If all of plaintiff's claims arise from the same nucleus of operative facts, are based on related legal theories, and each claim is inextricably interwoven with the other claims, apportionment of fees is unnecessary. *See id.* at 1306-07. Issues are "inextricably intertwined" or involve a "common core of facts" when "'work for one claim cannot be distinguished from work on other claims.'" *Miller v. Miller,* 107 So.3d 430, 433 (Fla. 4th DCA 2012) (quoting *Franzen v. Lacuna Golf Ltd. P'ship,* 717 So.2d 1090, 1093 (Fla. 4th DCA 1998)); *Schoenlank v. Schoenlank,* 128 So.3d 118, 121 (Fla. 3d DCA 2013). "Thus, for example, where a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *Durden*, 763 F. Supp. 2d at 1306 (quoting *Caplan v. 1616 E. Sunrise Motors, Inc.,* 522 So.2d 920, 922 (Fla.

3d DCA 1988)); *Anglia Jacs & Co., Inc. v. Dubin*, 830 So.2d 169, 171 (Fla. 4th DCA 2002) ("When counts are intertwined, the trial courts often have no choice but to award attorney's fees as to time spent on all claims, whether fees are pled in all counts or not, as long as the prevailing party pleads entitlement sufficiently to give notice to the other party."). Here, while seven of the eight claims alleged in the initial Complaint involve a common core of facts, Plaintiffs' ADA claim was an exception[10] and cannot be described as inextricably intertwined. As such, fees for time spent on the ADA claims should not be awarded. *See, e.g., Bahrakis v. Zimmerman*, No. 8:19-cv-2948-T-24SPF, Doc. 41 at 8 (M.D. Fla. Aug. 14, 2020) (finding the ADA and Fair Housing Act claims were not so closely related to the Florida claims to justify including the hours expended on those claims within the attorney's fee award and reducing the lodestar amount by 15% to account for time spent on the unrelated claims).

To the extent that any reduction is warranted, an across-the-board method is often preferable so as to avoid the "pick and shovel work" of pouring through voluminous billing records. *Kenny A. v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008), *rev'd on other grounds*, 559 U.S. 542 (2010); *see also Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994) (in evaluating a party's request, a court may conduct an hour-by-hour analysis of the fees requested or, if appropriate, apply an across-the-board reduction). In fact, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Such across-the-board reductions are

---

[10] In fact, Defendants argue that "[*e*]*very claim in the complaint* except the ADA claim was based solely on alleged violations of the FMHA" (Doc. 73 at 2) (emphasis in the original).

especially appropriate when attorneys have engaged in the practice of "block billing," *i.e.*, "the practice of including multiple distinct tasks within the same time entry." *McBride v. Legacy Components, LLC*, No. 8:15-cv-1983-EAK-TGW, 2018 WL 4381181, at *2 (M.D. Fla. Aug. 30, 2018) (citation omitted); *see also Blanco v. TransAtlantic Bank*, No. 07-20303-CIV, 2009 WL 2762361, at *4 (S.D. Fla. Aug. 31, 2009) (applying a 20% across-the-board reduction due to block billing).

Here, there are multiple bases upon which the Court finds an across-the-board reduction appropriate. First, time spent on the ADA claim should not be awarded, but the billing records do not delineate by the claims. In addition, block billing was utilized by Defendants' counsel and warrants a reduction of fees. *See McBride*, 2018 WL 4381181, at *2. Moreover, many of the block billing entries include clerical or secretarial tasks such as "[c]alculate conference date; work on setting required meeting," "set meeting with Mr. Nix," "[p]repare witness and exhibit lists together with email to clients for tomorrow's conference call," "[c]onfirm filing of motion to dismiss and motion to admit Mark Cooper; calendar response times," "[r]eview emails re: service of complaint on various defendants; calculate response deadline based on earliest date of service; calendar deadline and reminder," "[e]mails to coordinate case management conference with counsel of record; calendar event; efforts to coordinate telephone conference to discuss case status; emails re: same; confirm conference; prepare call invite to all attendees with conferencing instructions," "format motions for filing; electronically file and serve motion to dismiss and motion for admission pro hac vice; emails re: same; request check and draft correspondence to Clerk for payment of admission fee" (Doc. 73-1). Hours expended on clerical or secretarial work should not be billed, even at a paralegal rate. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (stating

"purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"); *see also Scelta*, 203 F. Supp. 2d at 1334 (concluding purely secretarial or clerical work is unrecoverable under an award for attorney's fees). For these reasons, the undersigned recommends an across-the-board reduction of the lodestar amount by 15%. Accordingly, it is recommended that an award of attorney's fees in the amount of $39,613.83 is just and reasonable.[11]

### Costs Pursuant to Federal Rule of Civil Procedure 54

Defendants also seek costs in the amount of $10,654.12. Unlike attorney's fees, a court must apply federal law to a request for costs, even in cases where state law supplies the law of decision. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003); *see also Castillo v. Roche Labs., Inc.*, No. 10-20876-CV, 2012 WL 381200, at *2 (S.D. Fla. Feb. 6, 2012) ("Federal law governs the award of costs in diversity cases.").

Rule 54(d)(1) provides that costs shall be allowed as a matter of course to a prevailing party unless the court directs otherwise. Fed. R. Civ. P. 54(d)(1). The rule, however, does not permit "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Instead, costs awarded under Rule 54(d)(1) are limited to the list of items set forth in 28 U.S.C. § 1920 and related statutes. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

To be a prevailing party

> [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party

---

[11] Plaintiffs state that they do not oppose a fee award totaling $50,470.00, comprised of $41,789.16 in attorneys' fees and $8,802.26 in costs (Doc. 80 at 8). The Court notes that $41,789.16 and $8,802.26, in fact, totals $50,591.42.

>   for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.... 10 Wright & Miller, *supra*, § 2667, p. 129–130. Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Head v. Medford*, 62 F.3d 351, 354-55 (11th Cir. 1995) (quoting *United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir. 1978)[12] (citations omitted)).  In this case, Plaintiffs voluntarily dismissed their action, and judgment was never entered for Defendants.  *See Ameripath, Inc. v. Wetherington*, No. 10-60766-CIV, 2011 WL 3475367, at *2 (S.D. Fla. Aug. 9, 2011) ("prevailing party" is "one who has been awarded some relief by the court"); *see also Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 444 (4th Cir. 2011) (under federal law, plaintiff's abandonment of a claim does not make the defendant a prevailing party; instead, there must be a "judicially sanctioned change in the legal relationship of the parties" (citing *Buckhannon Bd. & Care Home v. W.V. Dept. of Health & Human Res.*, 532 U.S. 598, 605 (2001))).  Plaintiffs' unilateral withdrawal of a claim by failing to include it in their amended complaint does not alter the legal relationship between the parties because Plaintiffs remained at liberty to bring the claim again at a later point. *See Newport News*, 650 F.3d at 444.  As such, Defendants are not the prevailing party for the purposes of costs pursuant to Rule 54 and, therefore, are not entitled to them.

Accordingly, it is hereby

**RECOMMENDED**:

(1) Defendants' Verified Motion for Award of Attorney's Fees (Doc. 73) be **GRANTED IN PART** and **DENIED IN PART.**

---

[12] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

(2) Defendants be awarded attorney's fees in the amount of $39,613.83 as the prevailing party on Plaintiff Royal Palm HOA's FMHA claim.

(3) Defendants' motion be otherwise denied.

**IT IS SO REPORTED** in Tampa, Florida, on this 2nd day of August 2021.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc:   Hon. Charlene E. Honeywell