UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROYAL PALM VILLAGE
RESIDENTS, INC., et. al.,

    Plaintiffs,

v.                                       Case No: 8:19-cv-874-CEH-SPF

MONICA SLIDER, et. al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon Defendants' Motions for Rule 11 Sanctions [Docs. 62, 63], Plaintiffs' Omnibus Response in Opposition [Doc. 64], the Report and Recommendation of Magistrate Judge Sean Flynn [Doc. 84], and Defendants' Objections [Doc. 89]. In the Report and Recommendation, Magistrate Judge Flynn recommends that the Motions for Sanctions be denied. Having duly considered the arguments raised in the Objections, the Court will overrule the objections in part, and deny Defendants' Motions for Rule 11 Sanctions.

    **I.    BACKGROUND**

On April 12, 2019, Plaintiff Royal Palm Village Residents, Inc., initiated this action as an incorporated mobile homeowner association and the legal representative of a class of over 400 elderly current and former mobile homeowners in the Royal Palm Village Mobile Home Park ("Royal Palm") located in Haines City, Florida. [Doc. 1 ¶ 17]. The 108-page Complaint named twelve defendants—including the

individual and corporate owners and operators of the Royal Palm, a law firm that represented the owners and operators of the Royal Palm, and an attorney of the law firm—and alleged four RICO claims under both Florida and federal law, a claim under the Americans with Disabilities Act ("ADA"), and state-law based claims for unjust enrichment, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and the Florida Mobile Home Act ("FMHA"). *Id.* at ¶¶ 22-47, 124-257.

The complaint alleged that Defendants engaged in fraudulent and conspiratorial acts since 2015 to illegally and unreasonably deceive over 400 elderly mobile homeowners and their representative incorporated homeowner association, Royal Palm Village Residents, Inc., that their mobile home park was lawfully purchased by the Defendants. *Id.* ¶ 1. Defendants then allegedly "acted and conspired to circumvent statutory regulations under the Florida Mobile Home Act and engaged in further deceit and extortion," including forcing mobile homeowners to pay increased lot rentals by charging a premium for certain lot rental categories which were fraudulently described; passing on increased ad-valorem taxes to mobile homeowners; illegally passing on annual fire and stormwater tax to mobile homeowners; deceiving mobile homeowners into entering oppressive and illegal five-year lot rental agreements; misleading mobile homeowners that Defendants would spend $1,000,000 on maintenance, repair, and replacement of roads, seawalls, and common areas; misrepresenting the legal effect of the five-year lot rental agreements; misleading mobile homeowners that Royal Palm's clubhouse and facilities are compliant with the Americans with Disabilities Act; and intimidating mobile homeowners to withdraw

their complaints. *Id.* ¶¶ 1, 49, 58-90. The Court dismissed the Complaint, *sua sponte*, as a deficient shotgun pleading and granted leave to amend the complaint. [Doc. 17 at pp. 5-6].

On July 3, 3019, an Amended Complaint was filed by Royal Palm HOA and additional plaintiffs: Gene Asbury, James LeMonnier, Bonnie Lohmeyer, Fred Osier, Harry Rush, and Laurie Skemp, on behalf of themselves and the class of current and former mobile homeowners. [Doc. 20]. The complaint named nine defendants: Monica Slider, Sheri Woodworth, Belinda Lawson, Sun Communities, Inc., Royal Palm Village, LLC, American Land Lease, Inc., Asset Investors Operating Partnership, L.P., Richard Lee, and Lutz, Bobo & Telfair, P.A. and alleged four RICO claims under both Florida and federal law and an ADA claim.[1] *Id.* ¶¶ 3-11, 70-124. Defendants moved to dismiss this complaint on July 19, 2019. [Doc. 25]. There, they raised arguments as to the sufficiency of the complaint to meet the pleading requirements of Rules 8 and 9(b), Federal Rules of Civil Procedure, and to plead a claim for racketeering. *Id.* On September 12, 2019, Defendants served Plaintiffs with a motion for sanctions as to this complaint. [Doc. 64 at p. 2].

---

[1] Defendant Sun Communities, Inc. owns the Park directly, or indirectly through its subsidiaries, Defendants Asset Investors Operating Partnership, L.P., and Royal Palm Village, LLC. [Doc. 20 ¶ 6]. Royal Palm Village, LLC is identified in official court records of the Polk County Clerk of Court as the owner and operator of the Park. *Id.* ¶ 7. American Land Lease, Inc. is the previous owner and operator of the Park. *Id.* ¶ 8. Richard Lee is a licensed Florida lawyer, a partner or an employee or shareholder of Defendant Lutz, Bobo & Telfair, P.A., d/b/a Lutz, Bobo, Telfair, Eastman & Lee. *Id.* ¶ 10. He is identified in official court records of the Polk County Clerk of Court as attorney of record for Royal Palm Village. *Id.* The Lutz Bobo Law Firm is identified in official court records of the Polk County Clerk of Court as attorney of record for Royal Palm Village. *Id.* ¶ 11.

On February 21, 2020, the Court granted Defendants' motion to dismiss, reasoning that the Amended Complaint was a shotgun pleading, failed to meet the heightened standard of Rule 9(b) in pleading the racketeering claims (Counts I-IV), and failed to state a cause of action under the Americans with Disabilities Act (Count V). [Doc. 46 at pp. 4-8]. Plaintiffs were granted leave to amend. *Id.* at p. 8. They filed their Second Amended Complaint on March 6, 2020, asserting the same RICO and ADA claims. [Doc. 47]. Again, Defendants filed a motion to dismiss—on March 19, 2020, and served Plaintiffs with a motion for sanctions on March 20, 2020. [Docs. 48, 49; Doc. 64 at p. 2].

On May 18, 2020, Plaintiffs moved for leave to voluntarily dismiss the action, without prejudice. [Doc. 58]. Defendants then filed their Motion for Rule 11 Sanctions as to the Amended Complaint [Doc. 63] and Motion for Rule 11 Sanctions as to the Second Amended Complaint [Doc. 62] and Plaintiffs filed an Omnibus Response in Opposition [Doc. 64]. Plaintiffs filed a Notice of Voluntary Dismissal on August 8, 2020. [Doc. 68]. It was approved by the Court on October 1, 2020, and the action was dismissed without prejudice.[2] [Doc. 72].

The motions for sanctions were considered by the Magistrate Judge. As to the Amended Complaint, Defendants argued that sanctions were appropriate as the

---

[2] The Court agrees with the Magistrate Judge that Plaintiffs' voluntary dismissal of this action was self-executing and no court order was required. However, the Court routinely enters an order of dismissal to eliminate confusion of the parties and to instruct the Clerk to close the file. In this case, Plaintiffs filed a motion requesting dismissal [Doc. 58] and a notice of voluntary dismissal [Doc. 68].

4

claims are not warranted by existing law or a nonfrivolous or good faith argument for an extension, modification or reversal of existing law or establishment of new law and the claims are not supported by the necessary material facts or are unlikely to have evidentiary support after further investigation and discovery. [Doc. 63 at p. 4, 7-18]. Defendants also argued that Plaintiffs lacked standing as they had suffered no harm as a result of the alleged wrongdoing. *Id.* at pp. 5-7. In seeking sanctions as to the Second Amended Complaint, Defendants presented the same grounds and also argued that the claims were brought in bad faith. [Doc. 62 at p. 5, 7-17, 17-18, 18-19]. Plaintiffs presented several arguments in response, including that they sufficiently pleaded the RICO claims and that Defendants provided no authority that would justify the imposition of sanctions; that the cases cited by Defendants are distinguishable; that the Second Amended Complaint is not a shotgun pleading, and properly alleges a pattern of racketeering activity; and that they alleged standing to assert a claim pursuant to the ADA, as the ADA applies to publicly accessible common areas at Royal Palm Village Mobile Home Park. [Doc. 64].

      The Magistrate Judge issued the Report and Recommendation on August 2, 2021, recommending that the Court deny both motions for sanctions. [Doc. 84]. The Magistrate Judge reasoned that sanctions are not warranted as to the Amended Complaint as that complaint was dismissed for pleading deficiencies, not because the claims were unavailable. *Id.* at pp. 7-9. The Magistrate Judge then explained that Defendants had not demonstrated entitlement to sanctions as to the Second Amended Complaint, as the motion was insufficient, its timing weighed against awarding

5

sanctions, and if Plaintiffs violated Rule 11 by failing to withdraw the complaint before expiration of the safe harbor period, the violation was *de minimis*.[3] *Id.* at pp. 9-14.

On August 23, 2021, Defendants filed Objections, presenting several arguments. [Doc. 89]. In arguing that the granting of leave to amend should not be dispositive of whether sanctions are appropriate, Defendants point out that the Court did not make findings regarding the factual accuracy of the allegations and that the Amended Complaint is so deficient, lacking in clarity, and lacking in factual and legal support that Rule 11 sanctions are warranted. *Id.* at p. 3. Defendants further argue that the claim against American Land Lease, Inc., based on the purported illegal sale of the mobile home park, and the RICO claims against Richard Lee, and Lutz, Bobo & Telfair, P.A. were patently unreasonable. *Id.* at pp. 5-13. Defendants also object to the Magistrate Judge's determination that the motions for sanctions were not timely, and that the Rule 11 violation was *de minimis*. *Id.* at pp. 13-16.

## II.    LEGAL STANDARD

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B).

---

[3] The Magistrate Judge also noted that Defendants failed to confer with the opposing party in a good faith effort to resolve the motion prior to filing it, as required by Middle District of Florida Local Rule 3.01(g). [Doc. 84 at p. 15].

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). If specific objections to findings of fact are timely filed, the district court will conduct a *de novo* review of those facts. 28 U.S.C. § 636(b); *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir.1988). If no specific objections to findings of fact are filed, the district court is not required to conduct a *de novo* review of those findings. *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir.1993); *see also* 28 U.S.C. § 636(b)(1). In that event, the district court is bound to defer to the factual determinations of the magistrate judge unless those findings are clearly erroneous. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Legal conclusions must be reviewed *de novo. Id*. Furthermore, objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019).

### III.   DISCUSSION

A court may properly assess sanctions under Rule 11:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (quoting *Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1254 (11th Cir.1996)). The goal of Rule 11 sanctions is

to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Id.* at 1302. The standard for assessing conduct under Rule 11 is "reasonableness under the circumstances," *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003), which requires courts to "determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified," *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). In doing so, "[t]he court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11, Advisory Comm. Notes, 1983 Amend. Determinations as to whether Rule 11 has been violated are committed to the discretion of the trial court. *Anderson*, 353 F.3d at 915.

*Timeliness of Rule 11 Motions*

As an initial matter, the timing of Defendants' filing of their motions for sanctions does not preclude their entitlement to sanctions against Plaintiffs in this case. In the Report and Recommendation, the Magistrate Judge reasoned that because Defendants did not file their motions for sanctions until after Plaintiffs voluntarily dismissed their action, the requested sanctions are not warranted.[4] [Doc. 84 at p. 14]. Defendants object to this finding, contending that a violation of Rule 11 is complete when the paper is filed and the safe harbor period has expired, and that the violation is not expunged by a voluntary dismissal. [Doc. 89 at pp. 14-15].

---

[4] As to this finding, the Magistrate Judge specifically cited to the Second Amended Complaint.

Pursuant to Rule 11(c)(2), a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). "The purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010). As such, "a motion for sanctions 'should be served promptly after the inappropriate paper is filed.' " *Hyde v. Irish*, 962 F.3d 1306, 1311 (11th Cir. 2020) (quoting *Peer*, 606 F.3d at 1312). As noted earlier, Plaintiffs filed their Amended Complaint on July 3, 3019. Defendants moved to dismiss the complaint on July 19, 2019, and served Plaintiffs with a motion for sanctions on September 12, 2019. The Amended Complaint was not withdrawn. Defendants' Motion to Dismiss was granted on February 21, 2020, but with leave to amend. Plaintiffs then filed their Second Amended Complaint on March 6, 2020. Defendants again moved to dismiss, on March 19, 2020, and served Plaintiffs with a motion for sanctions on March 20, 2020. Plaintiffs voluntarily dismissed the action on May 18, 2020 and on August 8, 2020. Defendants filed their Motions for Rule 11 sanctions on June 2, 2020.

The record reflects that neither the Amended Complaint nor the Second Amended Complaint was withdrawn during the safe harbor period. This supports the availability of Rule 11 sanctions against Plaintiffs. *See Peer*, 606 F.3d at 1315 ("The purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney who

9

violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions."); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1273 (11th Cir. 2009) ("The safe harbor provision allows attorneys to withdraw motions like this within twenty-one days from the date of filing. If a party so withdraws the motion, it is not sanctionable.").

Additionally, that the motions for sanctions were filed after Plaintiffs moved to dismiss the complaint does not warrant denial. "Rule 11 motions are collateral to an action and are not barred if filed after a dismissal order, or after entry of judgment." *Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998); *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) ("As both the Supreme Court and we have recognized, Rule 11 motions raise issues that are collateral to the merits of an appeal, and as such may be filed even after the court no longer has jurisdiction over the substance of the case."). "Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions normally will be determined at the end of litigation." *Id.* (quotation omitted). Here, the timing of the filing of the motions for sanctions does not warrant denial of sanctions.

*Factual or Legal Basis of Claims*

The Court agrees with the Magistrate Judge that Defendants have not sufficiently demonstrated that Rule 11 sanctions are warranted in this case. In their Objections, they argue that the claims against Defendants American Land Lease, Inc., and Richard Lee and Lutz, Bobo & Telfair, P.A are patently unreasonable as there was no factual basis for the claims against these Defendants. Rule 11(b) states that:

10

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (2) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(3). Defendants first argue that Plaintiffs contradict their claim that American Land Lease—the park's previous owner—engaged in an illegal sale of the park in 2014, by alleging in the complaint that American Land was acquired. That American Land, as owner of the park, was acquired by Sun Communities is not by itself sufficient to show the absence of a factual basis for naming American Land Lease in the RICO claims in Counts II and IV of the Amended Complaint.[5] In fact, that complaint alleged that American Land Lease concealed that the offer to acquire American Land Lease was solicited and also misrepresented that it was unsolicited, the consequence of which was to frustrate Plaintiff HOA's statutory right of first refusal to purchase the park. [Doc. 20 ¶¶ 27-32]. Therefore, Defendants have not

---

[5] In Count II of the Amended Complaint, Plaintiffs allege that the Defendants "shared the common purpose of defrauding Plaintiffs of money or property through the use of the fraudulent forced surrender of the Plaintiffs' resale purchasers' right to assume the resale sellers' prospectus." [Doc. 20 ¶¶ 83(a), 87]. Count IV presents a myriad of allegations, including that if the park is offered for sale by the owner, "the Royal Palm HOA has a [statutory] right to be notified of the offer, the price and the terms and conditions of sale, and permitted 45 days to execute a contract meeting the price, terms and conditions" and that Plaintiffs were deceived that the park was lawfully purchased by Defendants Sun Communities and Royal Palm Village. *Id.* ¶¶ 107, 19. Plaintiffs also allege that Defendants acted and conspired to circumvent statutory regulations under the Florida Mobile Home Act and engaged in further acts of deceit. *Id.* ¶ 20.

11

established a basis for sanctioning Plaintiffs for the claims against American Land Lease, Inc.

As to the claims against the lawyer Defendants—Richard Lee and Lutz, Bobo & Telfair, P.A, the Amended Complaint alleged that they inserted a waiver of mediation in the lot rental agreement, in violation of Florida Statutes, and then relied on that void provision to cause the Florida Department of Business and Professional Regulation (DBPR) to withdraw mediation.[6] *Id.* ¶¶ 19, 42, 47-50. Importantly, the Amended Complaint contains the following pertinent allegation:

> Defendants Richard Lee and the Lutz Bobo Law Firm drafted or co-authored the correspondence to the DBPR requesting that the previous grant of mediation be withdrawn *which incorporated fraudulent misrepresentations* regarding the Plaintiffs' legal right to petition for mediation and *is not the normal and standard provision of legal services*. Defendants Richard Lee and the Lutz Bobo Law Firm *acted with fraudulent intent* as the legal *opinions they expressed were not honestly held* but only expressed to advance the scheme. Defendants Richard Lee and the Lutz Bobo Law Firm *were aware of the fraud* and *cloaked the requested withdrawal with a feigned authority of the Five Year Agreement* which, in fact, violated The Florida Mobile Home Act, Chapter 723, *Fla. Stat.*, In this manner, Defendants Richard Lee and the Lutz Bobo Law Firm *substantially assisted in the commission of the fraud*.

---

[6] Pursuant to the Florida Mobile Home Act "[e]ither party [to a mobile home lot rental agreement] may petition the division to appoint a mediator and initiate mediation proceedings." Fla. Stat. § 723.038(1). The Act further provides that "[a]ny provision in the rental agreement is void and unenforceable to the extent that it attempts to waive or preclude the rights, remedies, or requirements set forth in this chapter or arising under law." Fla. Stat. § 723.032(2).

*Id.* ¶ 50 (*emphasis added*). While *Noerr-Pennington* immunity[7] applies to administrative and judicial proceedings, it does not protect one who has engaged in misrepresentations before a governmental agency acting in an administrative or judicial capacity. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 955 (11th Cir. 1986). Plaintiffs have alleged just that, such that a reasonable attorney in like circumstances could believe allegations in the complaint were factually and legally justified.

As Defendants point out, "the litigation privilege in Florida . . . essentially provid[es] legal immunity for actions that occur in judicial proceedings." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 383 (Fla. 2007). Additionally, "[a]bsolute immunity covers ongoing litigation and 'conduct that is necessarily preliminary to judicial proceedings.' " *Pace v. Bank of New York Mellon Tr. Co. Nat'l Ass'n*, 224 So. 3d 342, 344 (Fla. 5th DCA 2017) (quoting *AGM Invs., LLC v. Bus. Law Grp., P.A.*, 219 So.3d 920, 924 (Fla. 2d DCA 2017)). "Statements 'necessarily

---

[7] "That doctrine provides, in the Supreme Court's words, that 'defendants are immune from . . . liability for engaging in conduct (including litigation) aimed at influencing decisionmaking by the government.' " *SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1281 (11th Cir. 2021) (quoting *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 556, (2014)). "*Noerr* immunity was extended to administrative and judicial proceedings in [*California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508 (1972)]." *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 955 (11th Cir. 1986). The doctrine rests in large part on the general First Amendment guarantees of freedom to petition and freedom of association. *McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1562 (11th Cir.), (citing *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)), *certified question answered*, 612 So. 2d 417 (Ala. 1992).

preliminary' to judicial proceedings include pre-suit communications required by statute or by contract as a condition precedent to suit." *Orange Lake Country Club, Inc. v. Reed Hein & Assocs., LLC*, 367 F. Supp. 3d 1360, 1372 (M.D. Fla. 2019) (citing *Pledger v. Burnup & Sims, Inc.*, 432 So.2d 1323, 1326 (Fla. 4th DCA 1983)). The Amended Complaint alleges a continuing series of events, including Defendants' inclusion of a void waiver provision in the lot rental agreement, leading to the Lawyer Defendants' letter to the Department of Business and Professional Regulations citing to that provision. Because all the predicate acts pertinent to the alleged fraudulent conduct are not necessarily preliminary to the judicial proceeding or constitute pre-suit communications, Defendants have not demonstrated that a reasonable attorney apprised of these facts would find the privilege applicable. That the privilege potentially applies to part of the facts, when viewed in isolation, does not render it applicable to the facts when considered as a whole. The objection therefore lacks merit.

The last argument Defendants make on this point is that "it is well settled that the Lawyer Defendants' actions cannot constitute participation in the affairs of the alleged RICO 'enterprise' " such that Plaintiffs cannot state a substantive RICO claim or a RICO conspiracy claim as a matter of law. [Doc. 89 at p. 9]. However, as the Magistrate Judge notes in the Report and Recommendation, the Court dismissed the RICO claims for lack of particularity and specifically noted that if the pleading remained deficient after the amendment, the Court would address the additional

arguments for dismissal if raised in later motions.[8] [Doc. 84 at p. 8]. In doing so, the Magistrate Judge cited *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912 (11th Cir. 2003), where the appellate court found that the district court had abused its discretion in awarding sanctions in a like circumstance. In that case, the "district court found that the Plaintiffs had filed a pleading advancing claims that had no possible chance of success." *Id.* at 915. The appellate court found that "[i]n light of the paucity of controlling precedent and the district court's first dismissal order, Plaintiffs' counsel were not unreasonable in pleading the RICO claims in the Second Amended Complaint." *Id.* at 916. The court specifically reasoned that:

> While the district court's first dismissal does state that RICO is not the proper remedy for Plaintiffs to pursue, the order also points out the pleading defects in the Plaintiffs' RICO claims and gives the Plaintiffs leave to file a Second Amended Complaint. This approach created an ambiguity. Based on this ambiguity, a reasonable lawyer could interpret the order as inviting better-pleaded RICO claims. Thus, we cannot say, in light of the first dismissal order, that a reasonable lawyer must have known that improved RICO claims would have no reasonable chance of success.

*Id.* Considering the Court's grant of leave to refile and lack of warning not to refile under RICO, the Court cannot conclude that only an unreasonable lawyer would replead those claims. *Id.* Accordingly, there is no merit to Defendants' objections to the Magistrate Judge's finding that Plaintiffs did not violate Rule 11 by filing either the

---

[8] The Court did not undertake an analysis of Plaintiffs' RICO claims on the merits, other than as to lack of particularity.

Amended or the Second Amended Complaint. Indeed, the Court agrees with the Magistrate Judge's finding.

### *Granting of Leave*

Defendants argue that the granting of leave to amend should not be determinative on the issue of whether sanctions are appropriate. This is not an accurate characterization of the Magistrate Judge's reasoning in recommending a denial of sanctions. The Magistrate Judge reasoned that when the Court dismissed the initial complaint, the Court did not indicate that any of Plaintiffs' claims were not being properly pursued. Instead, the Court pointed out defects pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure. The Magistrate Judge further reasoned that the Court raised these same deficiencies when it dismissed the amended complaint, but never indicated that any of Plaintiff's claims were not being properly pursued such that a reasonable lawyer would have known that improved claims would have no chance of success. That leave to amend was allowed is not determinative. Rather, it is a factor that a court should consider when assessing whether a reasonable attorney would believe a better pleaded complaint would have a reasonable chance of success— as the appellate court's decision in *Anderson* shows. In this case, there was no determination by the Court that the claims were being improperly pursued, and Plaintiffs were given leave to amend. A reasonable attorney, apprised of all these facts,

would not have been on notice that the claims, in either the Amended or Second Amended Complaint, were not legally or factually justified.[9]

Accordingly, it is hereby **ORDERED**:

1. Defendants' Objections to the Report and Recommendation [Doc. 89] are **OVERRULED**-in-part and **SUSTAINED**-in-part.

2. Except as to the determination that the timing of the filing of the motions weigh against awarding sanctions, the Court will **adopt, confirm, and approve** the Magistrate Judge's Report and Recommendation [Doc. 84] and it is made a part of this Order for all purposes, including appellate review.  Exercising its discretion, the Court declines to impose Rule 11 sanctions as the facts and legal issues presented do not clearly warrant sanctions.

3. Defendants' Motion for Rule 11 Sanctions as to Plaintiffs' Amended Complaint [Doc. 63] is **DENIED**.

4. Defendants' Motion for Rule 11 Sanctions as to Plaintiffs' Second Amended Complaint [Doc. 62] is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on September 15, 2021.

---

[9] Defendants also object to the Magistrate Judge's finding that any violation of Rule 11 as to the Second Amended Complaint was *de minimis*. Because Defendants failed to establish a violation of Rule 11, the Court need not address this argument. However, the Court agrees with the Magistrate Judge's finding. Defendants' objection will be overruled.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any