UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROYAL PALM VILLAGE
RESIDENTS, INC., et. al.,

    Plaintiffs,

v.                                              Case No: 8:19-cv-874-CEH-SPF

MONICA SLIDER, et. al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Sean Flynn [Doc. 85], in which he recommends that Defendants' Verified Motion for Award of Attorney's Fees [Doc. 73] be granted in part and denied in part, and the Objections of Defendants [Doc. 88]. Having duly considered the arguments raised in the Objections, the Court will overrule-in-part the Objections, and grant-in-part Defendants' Verified Motion for Award of Attorney's Fees.

    **I.    BACKGROUND**

This lawsuit was filed on April 12, 2019, by Plaintiff Royal Palm Village Residents, Inc., the mobile homeowner association and legal representative of a class of over 400 elderly current and former mobile homeowners in the Royal Palm Village Mobile Home Park ("Royal Palm"), located in Haines City, Florida. [Doc. 1 ¶ 17]. The Complaint asserted claims against Defendants for violations of the Florida and federal RICO statutes, the Americans with Disabilities Act ("ADA"), the Florida

Deceptive and Unfair Trade Practices Act ("FDUTPA"), and the Florida Mobile Home Act ("FMHA") and for unjust enrichment. *Id.* at ¶¶ 22-47, 124-257. It alleged that Defendants engaged in fraudulent and conspiratorial acts to illegally and unreasonably deceive over 400 elderly mobile homeowners and their representative homeowner association that their mobile home park was lawfully purchased by the Defendants, and then "acted and conspired to circumvent statutory regulations under the Florida Mobile Home Act and engaged in further deceit and extortion." *Id.* ¶¶ 1, 49, 58-90. They allegedly did so by forcing homeowners to pay increased lot rentals by charging a premium for certain lot rental categories which were fraudulently described; passing on increased ad-valorem taxes to homeowners; and illegally passing on annual fire and stormwater tax to homeowners; among several other ways. *Id.* The Court dismissed the Complaint, *sua sponte*, as a deficient shotgun pleading and granted leave to amend. [Doc. 17 at pp. 5-6].

An Amended Complaint was filed by Royal Palm HOA and additional plaintiffs: Gene Asbury, James LeMonnier, Bonnie Lohmeyer, Fred Osier, Harry Rush, and Laurie Skemp, on behalf of themselves and the class of current and former mobile homeowners. [Doc. 20]. The complaint named nine defendants[1] and alleged

---

[1] This included Monica Slider, Sheri Woodworth, Belinda Lawson, Sun Communities, Inc., Royal Palm Village, LLC, American Land Lease, Inc., Asset Investors Operating Partnership, L.P., Richard Lee, and Lutz, Bobo & Telfair, P.A. Sun Communities, Inc. owns the Park directly, or indirectly through its subsidiaries, Asset Investors Operating Partnership, L.P., and Royal Palm Village, LLC. [Doc. 20 ¶ 6]. Royal Palm Village, LLC is identified in official court records of the Polk County Clerk of Court as the owner and operator of the Park. *Id.* ¶ 7. American Land Lease, Inc. is the previous owner and operator of the Park. *Id.* ¶ 8. Richard Lee is a licensed Florida lawyer, a partner or an employee or shareholder of Lutz,

2

four RICO claims under both Florida and federal law and an ADA claim. *Id.* ¶¶ 3-11, 70-124. Defendants moved to dismiss this complaint on July 19, 2019, raising arguments as to the sufficiency of the complaint to meet the pleading requirements of Rules 8 and 9(b), Federal Rules of Civil Procedure, and to plead a claim for racketeering. [Doc. 25]. On February 21, 2020, the Court granted the motion, reasoning that the Amended Complaint was a shotgun pleading, failed to meet the heightened standard of Rule 9(b) in pleading the racketeering claims (Counts I-IV), and failed to state a cause of action under the Americans with Disabilities Act (Count V). [Doc. 46 at pp. 4-8]. Plaintiffs were granted leave to amend. *Id.* at p. 8.

They filed their Second Amended Complaint on March 6, 2020—asserting the same four RICO claims and an ADA claim—and again, Defendants moved to dismiss. [Docs. 47, 48, 49]. On May 18, 2020, Plaintiffs moved for leave to voluntarily dismiss the action, without prejudice, and on August 8, 2020, they filed their Notice of Voluntary Dismissal. [Doc. 58, 68]. It was approved by the Court on October 1, 2020, and the action was dismissed without prejudice.[2] [Doc. 72].

---

Bobo & Telfair, P.A., d/b/a Lutz, Bobo, Telfair, Eastman & Lee. *Id.* ¶ 10. He is identified in official court records of the Polk County Clerk of Court as attorney of record for Royal Palm Village. *Id.* The Lutz Bobo Law Firm is identified in official court records of the Polk County Clerk of Court as attorney of record for Royal Palm Village. *Id.* ¶ 11.

[2] The Court agrees with the Magistrate Judge that Plaintiffs' voluntary dismissal of this action was self-executing and no court order was required. However, the Court routinely enters an order of dismissal to eliminate confusion of the parties and to instruct the Clerk to close the file. In this case, Plaintiffs filed a motion requesting dismissal [Doc. 58] and a notice of voluntary dismissal [Doc. 68].

Two weeks later, Defendants moved for attorney's fees in the amount of $212,330.50 and costs totaling $10,654.12. [Doc. 73 at pp. 1, 12, 18]. They argue that they have prevailed on every claim and that an award of reasonable attorney's fees is mandatory pursuant to § 723.068, Fla. Stat., as the proceeding was brought "to enforce provisions" of the FMHA. *Id.* pp. 5-9. They specifically argue that violations of various provisions of the FMHA constituted the underlying predicate acts for the claims under the federal and Florida RICO statutes, the "deceptive and unfair" trade practices in violation of the FDUTPA, as well as the reason for the unjust enrichment claim. *Id.* at p. 8. They also argue that the Florida RICO statute provides an independent basis for fees, as the record demonstrates that the RICO claims were "without substantial legal or factual support." *Id.* at pp. 9-11. Additionally, Defendants argue that they are entitled to an award of prevailing party fees under FDUTPA, based on a consideration of the various factors typically considered, including the frivolity of the claim and the history of the litigation. *Id.* at pp. 11-12. Defendants also addressed fees that they excluded from their calculation, as well as the reasonableness of their fee claims. *Id.* at pp. 13-18. A declaration from attorney Joseph A. Geary was provided in support. [Doc. 76].

In opposition, Plaintiffs contend that Defendants are not entitled to attorney's fees because §§ 723.032(2) and 723.037(6), Fla. Stat., preclude an award of attorney's fees if a party refuses to mediate upon request, which they contend is the case here. [Doc. 80 ¶¶ 1-3]. They concede the reasonableness of the rate for Defendants' attorneys, but disagree that the hours are reasonable. *Id.* at p. 3. According to Plaintiffs,

4

Defendants should be awarded no more than $41,789.16 for fees and $8,802.26 for costs. *Id.* at p. 8.

The Magistrate Judge recommends that the motion be granted in part, and that Defendants be awarded attorney's fees in the amount of $39,613.83. [Doc. 85 at pp. 17, 19]. In so recommending, the Magistrate Judge reasoned that the FMHA provides a mandatory award of fees on FMHA claims for the prevailing party, that Defendants were prevailing parties on Plaintiffs' FMHA claim which was abandoned after the initial complaint was dismissed, and that fees should be awarded for the period of time that the FMHA claim was pending. *Id.* at pp. 5-8, 10-11. However, the Magistrate Judge determined that fees are not warranted under either Florida's RICO statute or FDUTPA, and that Defendants are not entitled to fees for the unjust enrichment claim pursuant to the FMHA. *Id.* at pp. 8-10. In determining the amount of fees to be awarded, the Magistrate Judge applied an across-the-board reduction of 15% to account for time spent working on the ADA claim, block billing used by Defendants, and hours expended on clerical or secretarial work. *Id.* at pp. 14-16. As to costs, the court reasoned that Defendants were not prevailing parties pursuant to Rule 54, Federal Rules of Civil Procedure, as Plaintiffs voluntarily dismissed their action and judgement was never entered for Defendants. *Id.* at pp. 17-18.

Defendants then filed their objections. [Doc. 88]. They argue that the Magistrate Judge's construction of the FMHA is too narrow and that the allegedly wrongful conduct at the heart of all claims, except the ADA claim, was wrongful because it violated the FMHA. *Id.* at pp. 3-7. In fact, Defendants argue that "two fundamental

5

regulatory aspects of the FMHA formed the essential ingredients of every claim except the ADA claim"—the frustration of the right of first refusal to purchase the Park and the imposition of various fees, charges, and increases. *Id.* at pp. 4-5. Defendants further argue that the RICO, FDUTPA, and unjust enrichment claims are so intertwined with the FMHA claim that they are entitled to fees for each claim. *Id.* at pp. 7-8. Lastly, Defendants argue that they are independently entitled to prevailing party fees under Florida's RICO statute as the claims were without substantial fact or legal support and that Defendants are prevailing parties under Florida law on claims that are voluntarily dismissed. *Id.* at pp. 8-13.

## II.   LEGAL STANDARD

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B). After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). If specific objections to findings of fact are timely filed, the district court will conduct a *de novo* review of those facts. 28 U.S.C. § 636(b); *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir.1988). If no specific objections to findings of fact are filed, the district court is not required to conduct a *de novo* review of those findings. *See Garvey v.*

6

*Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir.1993); *see also* 28 U.S.C. § 636(b)(1). In that event, the district court is bound to defer to the factual determinations of the magistrate judge unless those findings are clearly erroneous. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Legal conclusions must be reviewed *de novo. Id.* Furthermore, objections to a magistrate judge's recommendation and report must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019).

## III.   DISCUSSION

*Scope of FMHA Fee Provision*

Defendants first argue that the Magistrate Judge's construction of the Florida Mobile Home Act is two narrow and that the Act was intended to be of broad application. "In Florida, the Mobile Home Act governs the relationship between the residents and the owners and operators of mobile home parks." *Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, 855 F. App'x 546, 548 (11th Cir. 2021) (citing Fla. Stat. § 723, et. seq.). "[T]he purpose for enacting [t]he Florida Mobile Home Act was to protect mobile homeowners, by equalizing the economic leverage mobile home park owners hold over the tenants." *Herrick v. Fla. Dep't of Bus. Regul., Div. of Fla. Land Sales, Condominiums & Mobile Homes*, 595 So. 2d 148, 152 (Fla. 1st DCA 1992).

Pursuant to the FMHA, "in any proceeding between private parties to enforce provisions of this chapter, the prevailing party is entitled to a reasonable attorney's fee." Fla. Stat. § 723.068. "[T]he language in section 723.068 is mandatory, and ... if

7

there is a 'prevailing party,' the court must award attorney's fees." *Mihevic Mgmt., Inc. v. Gardens Homeowners Ass'n, Inc.*, 964 So. 2d 226, 227 (Fla. 2d DCA 2007) (quoting *Vidibor v. Adams,* 509 So.2d 973, 974 (Fla. 5th DCA 1987)). "A [defendant] 'prevails' when plaintiffs who have brought suit under Chapter 723 voluntarily dismiss their suit against . . . or are dismissed with prejudice." *Vidibor*, 509 So. 2d at 974.

In the Report and Recommendation, the Magistrate Judge found that Plaintiffs' Florida RICO, FDUTPA, and unjust enrichment claims could not be considered FMHA claims for purposes of applying the FMHA fee provision. [Doc. 85 at pp. 5-8]. Defendants argue that this narrow interpretation would exempt from the application of the FMHA any claim or cause of action labelled differently even if the claim is based on a violation of or seeks enforcement of a duty deriving from the FMHA. [Doc. 88 at p. 3]. They rely on this Court's decision in *Whispering Pines Mobile Homeowners' Ass'n, Inc. v. Wallach*, No. 6:19-CV-487-CEM-EJK, 2020 WL 9455632, at *3 (M.D. Fla. Oct. 14, 2020), *report and recommendation adopted*, 2020 WL 9455606 (M.D. Fla. Dec. 2, 2020). In recommending that fees be awarded for the RICO claims pursuant to the FMHA, the magistrate judge in that case reasoned that the complaint alleged numerous violations of the FMHA in the Florida RICO counts and cited FMHA provisions throughout, and this relation entitled the defendants to attorney's fees for the RICO claims based on the FMHA fee provision. *Id.* While the situation in *Whispering Pines* is similar to that presented here, the reasoning there does not control the outcome in this case.

8

Florida's Fifth District Court of Appeal has explained that to determine whether an action is to enforce any provision of chapter 723, "we look at the true nature of the relief requested and argued by [the plaintiff]." *T & W Devs., Inc. v. Salmonsen*, 31 So. 3d 298, 301 (Fla. 5th DCA 2010). It is also a well-established rule in Florida that statutes awarding attorney's fees must be strictly construed. *Dade Cty. v. Pena*, 664 So. 2d 959, 960 (Fla. 1995) (quoting *Gershuny v. Martin McFall Messenger Anesthesia Professional Ass'n,* 539 So.2d 1131, 1132 (Fla.1989)); *Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003) (stating same). In this case, all the counts in the initial complaint incorporate various allegations that Defendants violated the FMHA. [Doc. 1 ¶¶ 60-64, 74-75, 81-82, 89, 101, 121]. Plaintiffs also cite to the FMHA in pleading their FDUTPA claim. *Id.* ¶¶ 175-177, 181. However, the requests for relief in these claims are not based on the FMHA. For example, in the RICO claims, Plaintiffs specifically pleaded that as a result of Defendants' activities and conduct in violation of 18 U.S.C. §§ 1962(c) and (d) and Florida Statutes §§ 772.103(3) and (4), they were injured in their business or property, within the meaning of 18 U.S.C. § 1964(c) and Florida Statutes §§ 772.104(1) and 103(3). *Id.* ¶¶ 134, 145, 150, 158]. Likewise, in the FDUTPA claim, Plaintiffs alleged that '[a]s a direct and proximate result of, and by reason of, the activities of the Defendants in violation of Fla. Stat. §§ 501.204, and 501.211, Plaintiffs were injured and suffered actual damages." *Id.* ¶ 180.

Certainly, Plaintiffs allege acts which constitute violations of the FMHA in pleading its claims. However, as understood by the plain meaning of the FMHA fee provision, the claims in Counts I through VII are claims to enforce the Florida and

9

federal RICO statutes, and FDUTA, and to protect against unjust enrichment. *See W.G. v. State*, 910 So. 2d 330, 332 (Fla. 4th DCA 2005) (stating that the Court is bound to enforce the plain meaning of the statute the legislature has created); *Gallagher v. Manatee Cty.*, 927 So. 2d 914, 918 (Fla. 2d DCA 2006) (same). As such, construing the fee provision strictly and looking at the relief requested by Plaintiffs, Defendants have failed to demonstrate that Plaintiffs asserted these claims to enforce *provisions of the FMHA*, as is required to support entitlement to fees under § 723.068, Fla. Stat. The Court therefore finds that the objection lacks merit.

### *Interrelation of Claims*

Defendants then argue that they are entitled to fees for each claim as the RICO, FDUTPA, and unjust enrichment claims were so intertwined with the FMHA claim. The Magistrate Judge considered the relationship between the claims regarding the reasonableness of the hours expended. Indeed, in the Report and Recommendation, the Magistrate Judge recommends an award of fees for those claims in the initial complaint, with the exception of the ADA claim, reasoning that those claims involved a common core of facts. [Doc. 85 at pp. 14-15]. To the extent this objection addresses the claims in the Amended and Second Amended Complaint, the Court finds the objection lacking in merit. Those complaints did not assert a claim seeking to enforce the FMHA, which must exist for fees to be awardable under the FMHA.

### *Entitlement Under RICO*

As to Defendants' argument that they are independently entitled to prevailing party fees under Florida's RICO statute, "[a] successful defendant in a

10

civil RICO action can recover fees when the RICO claim is 'without substantial fact or legal support.' " *Smith v. Viragen, Inc.*, 902 So. 2d 187, 191 (Fla. 3d DCA 2005) (quoting *Foreman v. E.F. Hutton & Co.,* 568 So.2d 531, 532 (Fla. 3d DCA 1990)); Fla. Stat. § 772.104(3). "[I]t is not necessary that the court find a 'complete absence of a justiciable issue of either law o[r] fact.' " *Hartford Ins. Co. of the Midwest v. Miller*, 681 So. 2d 301, 302 (Fla. 3d DCA 1996) (quoting *Foreman v. E.F. Hutton & Co.,* 568 So.2d 531, 532 (Fla. 3d DCA 1990)). "This standard is less stringent than the standard for awarding attorneys' fees under other Florida statutory provisions, such as chapter 57.105, which allows for an attorneys' fee award in any civil action that is found to have been brought frivolously or in bad faith." *Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1330 (11th Cir. 1998) (citing *Foreman,* 568 So.2d at 532). Additionally, "defendants are entitled to fees under section 772.104 where civil RICO counts were dismissed with prejudice or a verdict was directed in the defendant's favor." *Hartford Ins. Co.*, 681 So. 2d at 302. As Defendants argue, this determination can be made after a plaintiff's voluntary dismissal of the claim.[3] *See Nodal v. Infinity Auto Ins. Co.*, 50 So. 3d 721, 724 (Fla. 2d DCA 2010) (addressing claims including civil theft in violation of § 772.11, Fla. Stat., the court stated that "[i]f, as here, a plaintiff chooses to voluntarily dismiss its suit at a point when no record

---

[3] The Court sustains the objection only on this discrete point, that is, Defendants' claim that "the time to address the merits of the RICO claims comes on Defendants' motions for fees." [[Doc. 88 at p. 9]. But as explained below, Defendants have not met their burden to demonstrate that the merits of the claims, or lack thereof, warranted an award of fees in this case—pursuant to the Florida RICO statute.

11

evidence supports the factual or legal basis for its civil theft claim, then a defendant is entitled to recover attorney's fees and costs expended in challenging the action").

In their objections, Defendants cite two Florida district court decisions purportedly awarding fees to defendant(s) pursuant to the Florida RICO statute. In *Bahrakis v. Zimmerman*, No. 8:19-CV-2948-SCB-SPF, 2020 WL 4734929, at *2 (M.D. Fla. Aug. 14, 2020), fees were awarded for Florida RICO claims dismissed with prejudice and for Florida RICO claims dismissed without prejudice. As to the claims dismissed without prejudice, the court reasoned that it had specifically stated in its dismissal order that "based on [the] allegations as a whole, the Court doubts that Plaintiffs will be able to state a RICO claim." *Id.* In awarding fees pursuant to the RICO statute in *Drummond v. Zimmerman, No. 19-81532-CIV-SINGHAL (S.D. Fla.), Doc. 49 at 3-4*, the court determined that the RICO claims against the lawyer defendants were dismissed with prejudice and that the Court had found that the complaint failed to allege sufficient facts which, if true, would plausibly support a claim for violation of RICO against the other Defendants. Without more, the decisions in those cases do not control the outcome in this case as none of the claims here were dismissed with prejudice. As the Magistrate Judge has pointed out, this Court did not reach the merits of the RICO claims and gave Plaintiffs an opportunity to amend the original and the first amended complaints.

The Court agrees with the Magistrate Judge that the request for fees, pursuant to the Florida RICO statute, should be denied. Defendants did not meet their burden. *See Salisbury v. Spielvogel*, 451 So. 2d 974, 975 (Fla. 4th DCA 1984) (noting that "the

burden of proving entitlement to fees is upon the party claiming them"). First, the motion for fees is conclusory. There is no clear explanation as to why the Florida RICO claims lack factual or legal support and Defendants' analysis on the balancing factors considered in deciding whether to award a prevailing defendant fees under FDUTPA is wholly insufficient—assuming it even applies to Florida RICO claims, which Defendants have not established. Additionally, Defendants' claim that "[p]leading defects, standing alone, can point to the fact that a Florida RICO claim lacks sufficient support and that the defendant should be awarded attorneys' fees as a result," is not adequately supported. In fact, the case on which Defendants base this claim is distinguishable as the plaintiffs in that case had five attempts to plead a sufficient claim and the court reasoned only that "the fact that each amended complaint continued to offer little more than conclusory allegations with insufficient factual support, supports the determination that fees should be awarded." *Colite Int'l, Inc. v. Robert L. Lipton, Inc.*, No. 05-60046-CIV, 2007 WL 9698300, at *4-5 (S.D. Fla. Mar. 13, 2007). Defendants have not demonstrated entitlement to prevailing party fees under Florida's RICO statute.

Accordingly, it is hereby **ORDERED**:

1. Defendants' Objections to the Report and Recommendation [Doc. 88] are overruled-in-part and sustained-in-part.

2. The Court will **adopt, confirm, and approve** the Magistrate Judge's Report and Recommendation [Doc. 85] in all respects as discussed in this Order, except as to consideration of the Court's failure to reach the merits

of the Florida RICO claims in determining whether those claims lacked a legal or factual basis. The Report and Recommendation [Doc. 85] is made a part of this Order for all purposes, including appellate review.

3. Defendants' Verified Motion for Award of Attorney's Fees [Doc. 73] is granted in part.

4. Defendants Monica Slider, Sheri Woodworth, Belinda Lawson, Sun Communities, Inc., Sun Communities Limited Partnership, Sun Home Services, Inc., Royal Palm Village, LLC, Royal Palm Village, L.L.C., American Land Lease, Inc., Asset Investors Operating Partnership, L.P., Richard Lee, and Lutz, Bobo & Telfair, P.A. shall recover attorneys' fees in the amount of $39,613.83 as the prevailing party against Plaintiff Royal Palm Village Residents, Inc., on its FMHA claim.

5. The Clerk is directed to enter a Judgment as to Fees in favor of Defendants Monica Slider, Sheri Woodworth, Belinda Lawson, Sun Communities, Inc., Sun Communities Limited Partnership, Sun Home Services, Inc., Royal Palm Village, LLC, Royal Palm Village, L.L.C., American Land Lease, Inc., Asset Investors Operating Partnership, L.P., Richard Lee, and Lutz, Bobo & Telfair, P.A. and against Plaintiff Royal Palm Village Residents, Inc.

**DONE AND ORDERED** in Tampa, Florida on September 29, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any