CASE NO. 21-13789

_____

# In the United States Court of Appeals for the Eleventh Circuit

_____

**Royal Palm Village Residents, Inc., et al.**

*Plaintiffs- Appellees*

v.

**Monica Slider, Sheri Woodworth, Belinda Lawson,
Sun Communities, Inc., Royal Palm Village, LLC,
American Land Lease, Inc., Asset Investors
Operating Partnership, LP, Richard Lee, Lutz, Bobo & Telfair, P.A.**

*Defendants- Appellants.*

On appeal from the
United States District Court for the Middle District of Florida
Case Number 8:19-cv-874

_____

APPELLEES' MOTION FOR ATTORNEY'S FEES ON APPEAL

_____

February 16, 2023

Dineen Pashoukos Wasylik
DPW LEGAL
PO Box 48323
Tampa, FL 33646
813-778-5161; fax (813) 907-3712
dineen@ip-appeals.com
*Appellate Counsel for Appellees*
*Royal Palm Village Residents, Inc.*

Case No. 21-13789

*Royal Palm Village Residents, Inc. et al. v. Slider et al.*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to F.R.A.P 26.1 and 11th Cir. R. 26.1-1, Appellees, Royal Palm Village Residents, Inc., Gene Asbury, James LeMonnier, Bonnie Lohmeyer, and Fred Osier disclose the following trial judges, attorneys, persons, firms, partnerships, corporations or business entities that have an interest in the appeal, including subsidiaries, affiliates, and parent corporations including any publicly held corporation that owns 10% or more of the party's stock:

American Land Lease, Inc.

Asset Investors Operating Partnership, L.P.

Asbury, Gene

Barlow, Mahlon Herbert III

Bates, Mike

Bobo, J. Allen

Dineen Pashoukos Wasylik, P.A. dba DPW Legal

Flynn, Hon. Sean P., U.S. Magistrate Judge

Hitchens, George

Honeywell, Hon. Charlene Edwards, U.S. District Court Judge

Law Office of Daniel Perry

Case No. 21-13789

*Royal Palm Village Residents, Inc. et al. v. Slider et al.*

Lawson, Belinda

Lee, Richard

LeMonnier, James

Lohmeyer, Bonnie

Lutz, Bobo & Telfair, PA

McIver, Janet Lynn

Mirghahari, Ali Vakili

Osier, Fred

Perry, Daniel W.

Royal Palm Village, LLC

Royal Palm Village Residents, Inc.

Rush, Harry

Skemp, Laurie

Slider, Monica

Sivyer Barlow & Watson PA

Sun Communities, Inc.

Sun Communities Operating Limited Partnership

Sun Home Services, Inc.

Wasylik, Dineen Pashoukos

Whiting-Bozich, Alicia

Case No. 21-13789
*Royal Palm Village Residents, Inc. et al. v. Slider et al.*

Woodworth, Sheri

## MOTION FOR ATTORNEY'S FEES ON APPEAL

Appellee Royal Palm Village Residents, Inc., pursuant to Federal Rule of Appellate Procedure 39, Eleventh Circuit Rule 39-2, and Section 723.068, Florida Statutes, seeks an award of attorney's fees for prevailing in this appellate proceeding and requests an award of **$40,460.00**.

## ARGUMENT

"An award of appellate attorneys' fees must be supported by a particular contractual, statutory, or other substantive basis." *City of Miami Beach v. Deutzman*, 180 So. 3d 245, 246 (Fla. 3d DCA 2015), *citing State Dep't of Highway Safety & Motor Vehicles v. Trauth*, 971 So. 2d 906, 908 (Fla. 3d DCA 2007). Here, under the fee provision of the Florida Mobile Home Act (FMHA), § 723.068, Royal Palm is entitled to an award of attorney's fees.

The Attorney's fees provision of the FMHA states, in full:

> **723.068   Attorney's fees**.—Except as provided in s. 723.037, in any proceeding between private parties to enforce provisions of this chapter, the prevailing party is entitled to a reasonable attorney's fee.

§ 723.068, Fla. Stat.   As this Court explained in its opinion, "Fees are awarded to the prevailing party under § 723.068 in 'proceeding[s] to enforce provisions" of the FMHA.  Where the statute applies, fees are mandatory."

Op. at 6, citing *Mihevic Mgmt., Inc. v. Gardens Homeowners Ass'n*, Inc., 964 So. 2d 226, 227 (Fla. 2d DCA 2007); *Vidibor v. Adams*, 509 So. 2d 973, 974 (Fla. 5th DCA 1987). Appellee submits that it is a prevailing party, and that this appeal is a "proceeding between private parties to enforce provisions of this chapter," § 723.068, Fla. Stat., because an appeal is a "proceeding" and Appellants' brought the appeal in order "to enforce" its (erroneous) reading of that attorney's fee provision. Applying the rules of statutory interpretation set out by the Florida Supreme Court in *Advisory Opinion to Governor re Implementation of Amendment 4*, 288 So. 3d 1070, 1078 (Fla. 2020) and this Court's predictions of Florida law in this case, Appellee is entitled to an award of attorney's fees.

## I. Under the Plain Language of § 723.068, Fla. Stat., Appellant Prevailed in a Proceeding to Enforce the FMHA.

### A. An Appeal is a "Proceeding" Under Florida Law.

The Florida Supreme Court has discussed in detail its interpretation of the term "proceeding" as it appears in Florida Statutes. In *Raymond James Fin. Services, Inc. v. Phillips*, 126 So. 3d 186, 191 (Fla. 2013), the court contemplated whether Florida's statute of limitations, which limited "a civil action or *proceeding*," applied to bar claims made within an arbitration proceeding. *Id*. In determining that the statute did apply to arbitrations, the Court underwent a careful review of the meaning of the term proceeding.

2

Starting with dictionary definitions, the Court explained that a "proceeding" is " [a]ny procedural means for seeking redress from a tribunal or agency." *Id., citing Black's Law Dictionary* 1324 (9th ed. 2009). The Court also noted that "Merriam–Webster's Dictionary of Law defines 'proceeding' as 'a particular step or series of steps in the enforcement, adjudication, or administration of rights, remedies, laws, or regulations.' Merriam–Webster's Dictionary of Law 387 (1996)." *Id.* at 190 n.4.

The Court then explored the definition of "tribunal," and determined that a tribunal is "[a] court or other adjudicatory body." *Id.* at 191. citing Black's Law Dictionary 1646 (emphasis removed). Applying the definition of tribunal, the Court in *Raymond James* explained that the definition of adjudicatory body "refers back to adjudication, which is defined as both '[t]he legal process of resolving a dispute,' as well as 'the process of judicially deciding a case.'" *Id*. at 191. From these definitions, the Court concluded that an arbitration was within the meaning of the term adjudication and was thus a "proceeding" under the statute. *Id.*

The Court also looked to the structure of the statute it was examining, which defined an "action" for purposes of the statute as a "civil action or proceeding." *Id.* at 190 citing § 95.011, Fla. Stat. (2005). The Court found that the definition of a proceeding was broader than a court action,

3

explaining "Whereas civil actions may be limited to court cases, a proceeding is clearly broader in scope." *Raymond James Fin. Services, Inc. v. Phillips*, 126 So. 3d 186, 191 (Fla. 2013). While the *Raymond James* court was interpreting a different Florida Statute, the Florida Supreme Court has held that here the Legislature uses the exact same words or phrases in two different statutes, we may assume it intended the same meaning to apply." *State v. Hearns*, 961 So. 2d 211, 217 (Fla. 2007).

Applying the logic of *Raymond James* and its plain meaning analysis, this Court should hold that an appeal is a separate "proceeding" from the trial court proceedings. Florida Courts routinely refer to appellate courts as a separate tribunal. *See, e.g., Tibbs v. State*, 397 So. 2d 1120, 1123 (Fla. 1981), *aff'd sub nom. Tibbs v. Florida*, 457 U.S. 31 (1982) (explaining the proper role of the "appellate tribunal"); *S. Convalescent Home v. Wilson*, 285 So. 2d 404, 408 (Fla. 1973) (same). It is similarly clear that an appeal is a "particular step" of enforcement – with its own rules of procedure, separate filing fee, and separate docket number.

Most tellingly, the entire chapter of Florida Statutes that governs appellate review is entitled "Appellate ***Proceedings***." Ch. 59, Fla. Stat. (emphasis added). That chapter makes clear that "[i]n the absence of an expressed contrary intent, any provision of a statute or of a contract entered

4

into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal." § 59.46, Fla. Stat. The appeal is clearly a proceeding under Florida law.

### B. This Proceeding was Brought to Enforce a Provision of the FMHA

In the fee provision, "this chapter" refers to the entirety of Chapter 723, entitled "Mobile Home Park Lot Tenancies," and the exception for mediation of lot rental increases found in 723.037 does not apply here. As this Court has made clear, the key statutory phrase is "to enforce." This Court explained:

> When § 723.068 became law in 1984, the word "enforce" meant "[t]o compel observance of or obedience to: enforce a regulation" or "[t]o compel." The American Heritage Dictionary Second College Edition 454 (1985). See also Black's Law Dictionary 474 (5th ed. 1979) ("To put into execution; to cause to make effective, as enforce a particular law . . . .").

But while this Court correctly concluded that the complaints "did not seek any relief under the FMHA," Op. at 7, the Appellants *did* seek relief under the FMHA in bringing this appeal proceeding. The "sole issue" Appellants asked this Court to resolve was the interpretation of the "plain language of Florida Statute Section 723.068." Initial Brief at 11. Appellants argued that, applying that statute and other provisions of the FMHA, the Court should

5

determine that Appellants were entitled to an award of attorney's fees for defendant against the dismissed RICO claims.  Initial Brief at 25.  Had they prevailed, this Court would have found them entitled to such fees pursuant to the statute.  Ultimately, Appellants sought an order "[t]o compel observance of or obedience to" Section 723.068.  *See* The American Heritage Dictionary Second College Edition 454 (1985) (defining enforce).

The Fifth District's decision in *T & W Dev., Inc. v. Salmonsen*, 31 So. 3d 298 (Fla. 5th DCA 2010) supports this interpretation.  As this Court noted, that case states that "simply invoking" the FMHA is not "sufficient to confer entitlement to ….fees."  Op. at 8, citing *Id.* at 301.  Rather, that court and this one held that you have to "look at the true nature of the relief requested and argued."  *Id.*, citing T&W Dev. at 301.  In *T & W*, the Court refused to award fees, because the "ultimate relief requested" did "not raise violations of, or otherwise implicate [the FMHA]."  *Id.*, citing T&W Dev. at 301-302.

Here, by contrast, the whole purpose of the appellate proceeding was to interpret and "implicate" the FMHA.  The true nature of the ultimate relief requested was to apply Section 723.068 to require Appellee to pay attorney's fees for proceedings before the trial court.

### C. *Appellee is the Prevailing Party for the Proceeding to Enforce the FMHA.*

Again applying Florida substantive law, Appellee is the prevailing party on appeal. At the time the statute was enacted, the term "prevailing party" meant the party "prevailing on the main issue, even though not necessarily to the extent of his original contention" or "the one in whose favor the decision or verdict is rendered" or "the party ultimately prevailing when the matter is finally set at rest." Prevailing Party, Black's Law Dictionary (5th ed. 1979) (internal citations omitted). Appellee is the prevailing party under each of these definitions, and under Florida law.

#### 1. *Judge Newsome's Analysis of the Meaning of "Prevailing Party" Under Florida Law Supports the Finding that Appellees are the Prevailing Party.*

As Judge Newsom noted in the concurrence, "Some 30 years ago, the Florida Supreme Court held (adopting the then-applicable federal standard" that the 'prevailing party' is the litigant who succeeds 'on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 809–10 (Fla. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *Trytek v. Gale Indus., Inc*., 3 So. 3d 1194, 1200 & 1200 n.5 (Fla. 2009) (identifying *Hensley* as the source of Florida's definition of "prevailing party"). In *Moritz*, a case awarding fees under a contract, the Florida Supreme Court

7

rejected the argument that a prevailing party "is the one who recovers an affirmative judgment," instead, the Court stated that "the fairest test" to determine who is the prevailing party is to allow the judge "to determine from the record which party has in fact prevailed" in the significant issues before the court. In *Tryrek*, the Florida Supreme Court analyzed the language of a particular statutory scheme's fee provision, and determined that a court should determine which party prevailed on the significant issues "after a thorough examination of all the factors."

There can be no doubt that Appellee prevailed on the sole issue on appeal. Appellants asked this Court to interpret the FMHA fee provision as entitling it to fees for its defense of the RICO claims, and this Court rejected that request. In so doing, the Association was relieved of the potential of owing several additional hundreds of thousands of dollars in attorney's fees to the Appellants. The Appellants sought an award of $212,330.50 before the trial Court, Dkt. 73 at 12, but because of the trial court's holding that they could not recover fees pursuant to the FMHA, they were only awarded $39,613.83 in fees directly related to the earlier-dismissed FMHA claim. Dkt. 91 at 14. Had they won the appeal, Appellants would no doubt have also sought an award of additional fees for this appellate proceeding. The

significant issue of how to interpret the FMHA's attorney's fee provision was resolved by this appeal, and in the Royal Palm Association's favor.

### 2. A Plain Reading of the Statute Confirms that Recovery of Fees is Not Limited to the Party that Prevails in the Entire Litigation.

Some Florida state cases imply that parties can only recover attorney's fees on appeal if they ultimately prevail in the entire litigation. *See, e.g.*, *E. Coast Metal Decks, Inc. v. Boran Craig Barber Engel Const. Co., Inc.*, 114 So. 3d 311, 314 (Fla. 2d DCA 2013) (finding that party prevailed on appeal, but conditionally granting award of attorney's fees subject to "ultimately prevailing on the significant issues in the action below."). But the cases that follow this rule are all cases where it is either clear that the contract or statute awarded fees to the prevailing party for the entire litigation, or are silent as to the precise language of entire provision granting fees to the "prevailing party." *See, e.g.*, *Brevard Orthopaedic, Spine & Pain Clinics, Inc. v. Health First Med. Mgmt., Inc.*, 130 So. 3d 274, 275 (Fla. 5th DCA 2014) (contract regarding fees required prevailing in the entire dispute and thus appellate award of fees was conditional on prevailing in entire dispute); *see also Dienstl v. Castle Builders US, Inc.*, 49 So. 3d 1272 (Fla. 2d DCA 2010) (granting appellate fees conditioned on prevailing before the trial court but silent as to language of contract or statute); *Sabina v. Dahlia*

*Corp.*, 678 So. 2d 822, 822 (Fla. 2d DCA 1996) (same); *Sherwood Partners, LLC v. Wickman*, 26 So. 3d 590 (Fla. 2d DCA 2010) (same); *Johnson v. Jarvis*, 107 So. 3d 428, 430 (Fla. 1st DCA 2012) (same); *Balmaseda v. Okay Ins. Exch. of Am. LLC*, 240 So. 3d 146, 148 (Fla. 3d DCA 2018) (same).

*Brevard Orthopaedic* makes clear that the test is who is the "prevailing party" under the "pertinent provisions" of the contract or statute that allows for fees. Here, because the relevant fee statute awards fees for prevailing in any "proceeding," under the pertinent test Appellee need only show that it prevailed in this proceeding, not in the entire case. *See* Part I.A, *supra*.

The Second District's decision in *Superior Auto Glass of Tampa Bay, Inc. v. Gov't Employees Ins. Co.*, 331 So. 3d 844, 845 (Fla. 2d DCA 2021) also supports applying each statute or contract after interpreting its fee provision as a whole. In that case, a court granted a conditional award of attorney's fees "conditioned upon its prevailing in the underlying proceeding." *Id.* The reviewing Court held that this language was error, because the statute upon which the fee award was based, Florida's offer of judgment statute, requires a party seeking fees to meet several additional requirements beyond merely prevailing in the case. *Id.* The reviewing court therefore reversed, stating that the grant of appellate fees must instead be

made "conditioned upon meeting the terms of the offer of judgment statute." *Id.*; see also *Burneo v. United Auto. Ins. Co.*, 273 So. 3d 154, 155 (Fla. 3d DCA 2019) (same).

Here, the FMHA awards fees to the prevailing party of "any proceeding to enforce," not any claim or action or any of the other more broad phrase that covers the entirety of a dispute. The appeal is a separate proceeding, with its own docket number, determined by separate judges than the trial court action, and should be treated accordingly. Because Appellee has prevailed in this proceeding Appellants brought to enforce the fee provision of the FMHA against Appellee, Appellee is entitled to an award of reasonable attorney's fees for prevailing on appeal.

### 3. Appellees Prevailed Because the Proceeding Has Ended and Appellees Achieved a Significant Benefit.

Finally, Appellee prevailed because this Court's decision as both brought the litigation to an end and has materially altered the parties' relationship. *See* Op. at 17 (Newsom, J., Concurring). This Court's decision puts an end to the litigation, and Appellee has achieved the "meaningful benefit" of significantly limiting its fee obligations to Appellants. See Op. at 18 (Newsom, J., Concurring), citing *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1203 (Fla. 2009).

Because the underlying case was dismissed without prejudice, the "main issue" in the case very quickly became attorney's fees. Appellants sought fees under several theories, and litigated the issue of fees for more than a year after Plaintiff filed the voluntary dismissal. *See* Dkt. 68 (Notice of Voluntary Dismissal filed August 8, 2020); Dkt. 92 (fee judgment filed Sept. 30, 2021). Defendants also litigated this appeal solely on the issue of entitlement to attorney's fees for more than a year. The Attorney's fees issue was the only substantive issue decided by either the trial court proceeding or this appellate proceeding.

## II. Appellees Seek a Reasonable Attorney's Fee.

Pursuant to the Declaration of Dineen Pashoukos Wasylik filed with this Memorandum, Appellees seek the reasonable amount of $40,460.00, reflecting work performed from November 23, 2021 (the date counsel was retained) through January 19, 2023 (one week after this Court's affirmance of the district court's judgment). Wasylik Decl. ¶ 7-8 and Exhibits B-C.

Florida courts have adopted the federal lodestar approach for analyzing attorneys' fees. *See, e.g.*, *Hiscox Dedicated Corp. Member, Ltd. v. Matrix Group Ltd., Inc.*, No. 8:09–cv–2465–T–33AEP, 2012 WL 2226441, at *3 (M.D. Fla. June 15, 2012), citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla.1985) ("We find the federal lodestar approach ...

12

provides a suitable foundation for an objective structure."). The lodestar is calculated "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022) (citations omitted). There is a "strong presumption" that the loadstar is the reasonable sum the attorneys deserve. *Id.* Pursuant to the Florida Rules of Professional Conduct, courts should consider the following factors in determining whether the lodestar should be adjusted to ensure reasonableness: The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal services properly; the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; the fee customarily charged in the locality for similar legal services; the amount involved and the results obtained; the time limitations imposed by the client or by the circumstances; The nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers performing the services; Whether the fee is fixed or contingent. *See* R. Reg. Fla. Bar 4-1.5(b).

### A. Appellees Seek Reasonable Hourly Rates for Both Timekeepers.

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable

13

skills, experience, and reputation." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999), quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).   Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is "'the place where the case is filed.' " *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).   This can be shown by providing "direct evidence of rates and hours charged under similar circumstances" or by opinion evidence.   *Norman*, 836 F.2d at 1299.   Appellees seek hourly rates of $500/hour for Dineen Pashoukos Wasylik and $100/hour for legal assistant/paralegal Regina Crawford.   Wasylik Decl. ¶ 10.

**Dineen Pashoukos Wasylik.**   As set forth in more detail in the attached declaration, the undersigned has been practicing law for almost 25 years, has been certified by the Florida Bar as an expert in appellate practice since 2013, and has significant expertise and experience in appellate practice before this Court.   Wasylik Decl. ¶¶ 2-3 and Exhibit A.   Recent court awards to Tampa-area board certified appellate practitioners with comparable experience have permitted hourly rates between $500/hour and $669.75/hour for representing successful appellees before this Court.   Wasylik Decl.

14

¶ 11.k; *see also First Nat'l Bank of Oneida, N.A. v. Brandt*, 8:16-CV-51-AAS, 2021 WL 2856626, at *3 (M.D. Fla. July 8, 2021) (awarding appellee's counsel between $650.75-$669.75/hour for a board certified appellate lawyer with 22 years' experience); *Levesque v. Gov't Employees Ins. Co*., 15-14005-CIV, 2022 WL 1679224, at *8 (S.D. Fla. Mar. 11, 2022) (awarding $500 an hour to a board certified appellate lawyer with comparable experience).

In addition, the undersigned's 2018 rate of $450 and hour for work on a successful state appeal was deemed reasonable by a Florida trial court in 2019. Wasylik Decl. ¶ 11.k. It is customary to increase hourly rates each year "to reflect greater experience and increases in customary fees" *Johnson v. Univ. Coll. of Univ. of Alabama in Birmingham*, 706 F.2d 1205, 1210 (11th Cir. 1983), *partially modified on other grounds by Gaines v. Dougherty Cnty. Bd. of Educ*., 775 F.2d 1565 (11th Cir. 1985) (upholding district court's annual increase to attorney rates). The increase from $450/hour to $500/hour over several years is reasonable. Wasylik Decl. ¶ 11.k.

**Regina Crawford**. Regina Crawford has approximately 14 years of law firm experience, and since joining DPW Legal in 2019 has gained significant experience in performing paralegal tasks in appellate cases.

Wasylik Decl. ¶ 5. The $100/hour rate sought for her work as a paralegal is reasonable for paralegal work in the Tampa area. Wasylik Decl. ¶ 11.e; *See also Sec. & Exch. Comm'n v. Davison*, 8:20-CV-325-MSS-AEP, 2021 WL 8201533, at *8 (M.D. Fla. Sept. 27, 2021), report and recommendation adopted, 8:20-CV-325-MSS-AEP, 2021 WL 8201532 (M.D. Fla. Oct. 20, 2021) (finding $135/hour reasonable for paralegal work); *Rabco Corp. v. Steel Plaza, LLC*, No. 6:16-cv-1858-Orl-40LRH, 2019 WL 5188601, at *10 (M.D. Fla. July 29, 2019), report and recommendation adopted, 2019 WL 5176284 (M.D. Fla. Aug. 13, 2019)(awarding $150/hour for work performed by a paralegal in a commercial litigation case).

### B. The Time Expended by Appellees' Counsel is Reasonable.

Appellees seek to recover fees for 79.3 hours for work performed by Dineen Wasylik, and for 9.1 hours for work performed by Regina Crawford. Wasylik Decl. ¶ 9-10.  Appellees have provided both the contemporaneous time records with narrative descriptions, and summaries based upon case stage.  Wasylik Decl. ¶ 7-10 and Exhibits B-E.  For each timekeeper, the breakdown of time sought to be reimbursed is as follows:

| | Dineen Wasylik | Billed @$500/hr | Regina Crawford | Billed @$100/hr |
|---|---|---|---|---|
| Category | Sum of Hours | Sum of Lodestar ($) | Sum of Hours | Sum of Lodestar ($) |
| Interviews and Conferences | 6.5 | $3,250.00 | | |
| Obtaining and Reviewing Records | 6.2 | $3,100.00 | 2 | $ 200.00 |
| Legal Research | 13.8 | $6,900.00 | | |
| Brief Writing | 23.5 | $11,750.00 | | |
| Oral Argument | 10.9 | $5,450.00 | 7.1 | $ 710.00 |
| Stay Pending Review | 2.7 | $1,350.00 | | |
| Prepare Non-Brief Filings | 1.0 | $500.00 | | |
| Mediation | 14.5 | $7,250.00 | | |
| No Charge | 0.2 | $0.00 | | |
| Grand Total | 79.3 | $39,550.00 | 9.1 | $ 910.00 |

Applying all of the factors required by the Florida Bar Rules and Florida law, this breakdown of time spent on each category of tasks is reasonable. Wasylik Decl. ¶11. Moreover, counsel has exercised billing judgment to eliminate "excessive, redundant, or otherwise unnecessary [hours]," as required by this Court's precedent. Wasylik Decl. ¶7-8; see also *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (explain that attorneys must eliminate fees that would be unreasonable to bill to the client and therefore to opposing party).

17

### C. No adjustment to the Lodestar is Necessary

After the lodestar is determined, the court must then consider adjustment for results obtained. *Norman*, 836 F.2d at 1299. Here, appellees' success on appeal has shielded them from exposure to an additional judgment of more than $170,000, as well as a potential additional award of appellate fees. Wasylik Decl. 11.f. These results were significant to the clients. *Id.* Such success counsels against a downward adjustment. *Norman* 836 F.2d at 1302 ("If the result was excellent, then the court should compensate for all hours reasonably expended.").

In addition, in a contingency or partial contingency case, under Florida law, once the lodestar is determined, the court "must consider" in contingency fee cases whether enhancement of the lodestar is appropriate. *Standard Guar. Ins. Co. v. Quanstrom*, 555 So.2d 828, 831 (Fla.1990). While this is a partial contingency case, Appellees are not seeking a multiplier. Wasylik Decl. 11.j.

### CONCLUSION

Appellee prevailed in this appellate proceeding, and the plain meaning of the FMHA attorney's fee provision requires an award of attorney's fees to the prevailing party in a "proceeding between private parties to enforce provisions of this chapter." This appeal is such a proceeding, and Appellee

18

prevailed on appeal. This Court should therefore award Appellee its reasonable appellate attorney's fee of **$40,460.00**.

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing complies with the type-volume requirements of Fed. R. App. P. 27(d)(2)(A) and typeface and style requirements of 11th Cir. Rule 27-1(a)(10) and Fed. R. App. P. 32(a)(g) and 32(a)(6) because, excluding the parts of the document exempted by the rules, this document contains 3,962 words as counted by the word processing system and has been prepared in Times New Roman 14 pt.

February 16, 2023                    Respectfully Submitted,

*/s/ Dineen Pashoukos Wasylik*
Dineen Pashoukos Wasylik
DPW LEGAL
PO BOX 48323
TAMPA, FL 336468
Tel: 813-778-5161; fax: 813-907-3712
dineen@ip-appeals.com
*Counsel for Appellees*
*Royal Palm Village Residents, Inc., et al*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on counsel of record on February 16, 2023, by filing electronically, which generated a Notice of Docket Activity sent to:

Alicia R. Whiting-Bozich
Sivyer Barlow & Watson, PA
401 E. Jackson St., Suite 2225
Tampa, FL 33602
awhitingbozich@sbwlegal.com

Counsel for Appellants

*/s/ Dineen Pashoukos Wasylik*
Dineen Pashoukos Wasylik
DPW LEGAL
PO Box 48323
Tampa, FL 33646
Tel: 813-778-5161  Fax: 813-907-3712
dineen@ip-appeals.com
*Counsel for Appellees Royal Palm Village Residents, Inc.*

# Declaration of Dineen Pashoukos Wasylik

I, Dineen Pashoukos Wasylik, declare:

1.      I am a United States citizen residing in the State of Florida.  I am over the age of eighteen, and suffer from no mental or physical disabilities that would render me incompetent to testify in this matter.  I have personal knowledge of the facts discussed herein and, if properly called to testify, I would and could competently testify to those facts.

2.      I am the founder of Dineen Pashoukos Wasylik, P.A., d/b/a DPW Legal, an intellectual property and appellate boutique firm in the Tampa area. The firm and my practice focus on the two areas of law in which I have received board certification, Intellectual Property Law (first earned in 2009) and Appellate Practice (first earned in 2013).  I regularly speak and write on appellate practice topics, and serve in leadership roles in voluntary bar organizations, including the Florida Bar Appellate Practice Section.  For the past several years I have been named one of the top women lawyers in Florida, top 50 lawyers in Tampa, and top 100 lawyers in Florida by *Super Lawyers*. I was admitted to the New York Bar and District of Columbia Bars in 1999, and to the Florida Bar in January 2000, after first serving a judicial clerkship

with the Honorable Susan H. Black on the Eleventh Circuit Court of Appeal. I graduated from Georgetown University Law Center *cum laude* in 1998.

3.  I have appeared as counsel of record in more than 160 appeals in state and Federal appellate courts.  I have attached my professional biography as **Exhibit A** to this Declaration, which contains additional information about the articles I have written and professional recognition I have received for my appellate practice.  This exhibit includes many, but not all, of my professional activities over the almost 25 years I have been a practicing attorney.

4.  I regularly research fee awards granted to attorneys practicing in the Tampa area as part of my routine practice.  I have also taught CLE programs that discuss fee awards in the Middle District of Florida.  As a result of my experience, I am familiar with the prevailing rates charged in Florida generally, and Tampa, specifically, for the legal services of the type provided in this action.

5.  My legal assistant/paralegal, Regina Crawford, has worked in law firms for approximately 14 years, both in New York and in Florida.  Since becoming employed with DPW Legal in 2019, she has gained significant experience in appellate paralegal tasks such as drafting appellate and trial court pleadings, cite checking legal memoranda, filing documents with the

CM/ECF and state electronic filing systems, confirming calculation of appellate deadlines, and other high-level tasks.

6.    This Declaration is based upon my personal knowledge of the facts.  To the extent I have attached business records of DPW Legal to this affidavit, these records were either personally prepared by me or prepared with my direct supervision as the custodian of records for the firm, and it is the regular practice of this firm to keep such records, specifically including time records.  Our time is recorded in our case management system at or near the time the work is performed.  I personally prepared the attached summaries of these business records for the purposes of this Declaration.

7.    Attached as **Exhibit B** is a summary of hours spent by Dineen Pashoukos Wasylik and Regina Crawford as timekeepers in this matter, along with narratives describing the work completed and tags categorizing the work completed in accordance with this Court's required summary form.  In an exercise of billing judgment, the claimed hours exclude time spent but not charged to the client, time spent on administrative tasks and not recorded, and also exclude the time spent preparing this Declaration and the Motion for Appellate Attorney's fees this Declaration supports.

8.     Attached as **Exhibit C** is a summary of the recorded time entries, broken out by the Court's required categories and by timekeeper.  All time was recorded in tenth of an hour increments.  In total, I spent 79.3 hours on this matter, and Ms. Crawford has spent a total of 9.1 billable hours.  Administrative work performed by Ms. Crawford is not reflected in the summary.  The total fee sought for both timekeepers is $40,460.00.

9.     Attached as **Exhibit D** is this Court's required form summarizing the hours expended and lodestar calculations for Dineen Pashoukos Wasylik as timekeeper.  Appellees seek a total of $39,550.00 for my work, calculated by multiplying 79.3 hours by a reasonable hourly rate of $500/hour.

10.     Attached as **Exhibit E** is this Court's required form summarizing the hours expended and lodestar calculations for Regina Crawford as timekeeper.  Appellees seek a total of $910.00 for her work, calculated by multiplying 9.1 hours by a reasonable hourly rate of $100/hour.

11.     To assist the court in analyzing the reasonableness of the hourly rate and hours expended, I submit the following additional information:

a.     The time and labor required.  The hours spent on this matter by DPW Legal are reflected above.  Based on my experience in litigating appeals, the time spent in representing Appellees

4

through mediation, briefing, seeking a stay pending review, and oral argument was reasonable for the issues presented.

b. <u>Novelty or difficulty of the questions</u>.  This case presented a novel question of state law, as applied to a Federal cause of action, which had the potential to affect several pending litigations before the district courts.  There was a split amounts District courts as to whether claims like plaintiffs' Federal RICO claims were "proceedings to enforce" the Florida Mobile Homes Act, such that defendants were entitled to an award of attorney's fees pursuant to § 723.068, Fla. Stat.  The Florida Supreme Court had not ruled on this issue, and there was little case law from other Florida courts interpreting the statute.

c. <u>The skill required to perform the legal services properly</u>.  The pleadings speak for themselves and should be considered by the Court in connection with this factor.  In addition, appellate practice is a specialized field, such that the Florida Bar recognizes and provides Board Certification in the field of appellate practice law.  I am one of only approximately 33

lawyers in Tampa area to be recognized as an appellate practice expert by the Florida Bar.

d. <u>Preclusion of other employment by the attorney due to the acceptance of this case</u>. Because I am a sole practitioner, I generally limit my practice to no more than two Federal appeals at a time because of the time consuming nature of such litigation.

e. <u>The customary fee</u>. The hourly fees charged in this case are regularly charged by the firm to its clients for similar services and do not exceed rates charged for similar work by other attorneys litigating these kinds of cases in the Tampa area. $500 an hour is on the low end for a board certified practitioner with almost 25 years of experience. In addition, $100 an hour for paralegal support has been regularly found reasonable for the Tampa legal community by the Middle District of Florida.

f. <u>The amount involved and the results obtained</u>. The Appellants sought an award of $212,330.50 before the trial Court, Dkt. 73 at 12, but because of the trial court's holding that they could not recover fees pursuant to the FMHA, they were only awarded $39,613.83 in fees directly related to the earlier-dismissed

FMHA claim.  Dkt. 91 at 14.  Had Appellants prevailed, they would have sought not only the full $212,330.50 they previously had sought, but also likely would have sought significant fees on appeal.  Had Appellants prevailed, they likely would have sought to recover from the individual plaintiffs jointly and severally in addition to the Association. For Appellees, this was a significant victory, as neither the Association nor the individuals could afford to pay a judgment of that magnitude.  These results will also affect other litigation on this issue, as this case is the first definitive interpretation of the FMHA's fee provision in the context of Federal RICO litigation.

g.  <u>Time limitations by the client or circumstances</u>. No extraordinary consideration need be given this factor.

h.  <u>The nature and length of the professional relationship with the client</u>.  No extraordinary consideration need be given to this factor.  This firm represented Appellees on appeal only.

i.  <u>The experience, reputation and ability of attorneys</u>.  As set out in paragraphs 2-3 above, I am recognized state-wide as an expert in

appellate practice and a leader in Florida's appellate bar, with extensive experience over almost 25 years of practice.

j.  <u>Whether the fee is fixed or contingent.</u>  The fee agreement in this case is a "hybrid" agreement, in which counsel agreed to a reduced flat fee in exchange for a contingency if the Court were to award a lodestar higher than that contingency.  Florida law allows this kind of alternative fee agreement, which can provide litigants with access to representation they might otherwise not be able to afford. See, e.g. *First Baptist Church of Cape Coral, Florida, Inc. v. Compass Const., Inc.*, 115 So. 3d 978, 982 (Fla. 2013) ("requiring the losing party to pay an amount exceeding the prevailing party's fee agreement does not violate *Rowe*'s prohibition against awarding fees in excess of the fee agreement if the agreement contains an alternative fee recovery clause."). While the partial contingency entitles Appellees to seek a contingency fee multiplier under Florida law, Appellees do not seek such a multiplier.  They seek only the reasonable lodestar amount.

k. <u>Awards in Similar cases.</u>  The rates and time expended are in line with other recent appellate cases.  In 2019, a state court found that $450 an hour a was reasonable rate for Dineen Pashoukos Wasylik to charge for appellate work in the Tampa Bay area, based on both my testimony and expert testimony.  Attorneys generally raise rates from time to time, and the requested rate of $500/hour several years later is in keeping with that practice.

In 2021, the Middle District of Florida found that "discounted" hourly rates from $650.75-$669.75/hour were reasonable for work on behalf of an appellee in an Eleventh Circuit appeal for a Tampa lawyer with 22 years' experience who was board certified in appellate practice. *First Nat'l Bank of Oneida, N.A. v. Brandt*, 8:16-CV-51-AAS, 2021 WL 2856626, at *3 (M.D. Fla. July 8, 2021) (awarding appellate fees to appellee).

In addition, a court recently awarded $500/an hour for work before this Court to attorney Kristin Norse, a Tampa attorney who is also board certified in appellate law, has been practicing nearly the same amount of time, and has similar levels

of service to the appellate bar. *See Levesque v. Gov't Employees Ins. Co.*, 15-14005-CIV, 2022 WL 1679224, at *8 (S.D. Fla. Mar. 11, 2022). In that case, Norse was one of several attorneys, seeking billable rates from $375/hour to $650/hour, for their work representing prevailing Appellees before this Court. In all, Appellees' attorneys in that case were allowed to recover for a total of 265.20 hours, with Ms. Norse having the second-most hours on the file at 63.75. By contrast, I am the sole attorney on this matter and seek to recover for only 79.3 hours total of my time. Thus, the rate sought is in keeping with both prior awards granted to me, and recent awards to attorneys with similar experience from Tampa and appearing before this Court. In addition, the hours expended are significantly less than in the *Levesque* case and are therefore on the low end of awards granted to Appellees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
February 16, 2023

/s/ Dineen Pashoukos Wasylik
Dineen Pashoukos Wasylik

10

# Dineen Pashoukos Wasylik

The Florida Bar has certified Dineen as an expert in both intellectual property law and appellate practice – making Dineen the only lawyer in Florida simultaneously certified in both of these practice areas.



## Intellectual Property
Dineen focuses the intellectual property side of her practice on copyright, trademark, and trade dress litigation and counseling.  She also has extensive experience litigating trade secrets and business torts cases, often securing a positive resolution for the client without the need of a trial.  She loves advising individuals and businesses on how to protect everything they have worked so hard to create.

## Appellate Practice
Dineen's appellate practice began with a clerkship for the Hon. Susan H. Black of the Federal Eleventh Circuit Court of Appeals.  Since then, she has written both merits briefs and *amicus curiae* briefs before the United States Supreme Court and numerous Federal courts of appeals.  Dineen also frequently appears in the Florida appellate courts and has served as counsel in more than 150 appellate cases.

## Awards & Recognitions
- ❐ Board Certified in Intellectual Property Law, 2009-present
- ❐ Board Certified in Appellate Practice, 2013-present
- ❐ SuperLawyers (2015-2022)
- ❐ SuperLawyers Top 50 Lawyers in Tampa Bay (2016- 2017, 2019-2022)
- ❐ SuperLawyers Top 50 Women Lawyers in Florida (2017-2022)
- ❐ SuperLawyers Top 100 Lawyers in Florida (2017, 2019-2022)
- ❐ Florida's Legal Elite (2013-2022)
- ❐ Tampa's Top Rated Lawyers, Intellectual Property (2012-2014)
- ❐ Martindale-Hubbell recognizes Dineen as an AV® rated lawyer, the highest such rating available to any individual lawyer.
- ❐ Club Service Award, Rotary Club of Wesley Chapel Noon (2015)
- ❐ *Tampa Bay Business Journal* Business Woman of the Year, Legal Services (2017)

**Exhibit A**



Intellectual Property & Appeals

PO Box 48323, Tampa, FL 33544
2244 Green Hedges Way, Suite 101, Wesley Chapel, FL 33544
813-778-5161  www.ip-appeals.com  dineen@ip-appeals.com

Dineen Pashoukos Wasylik
Page 2 of 4

<u>Professional Leadership and Service</u>
**Appellate Practice Section of the Florida Bar**
- ❏ Executive Council at large member 2020–23
- ❏ Co-chair, Communications Committee, 2017–23

**Hillsborough Association for Women Lawyers**
- ❏ Co-chair, Solo/Small Practice Committee, 2018–19
- ❏ Co-chair, Mentoring Committee, 2017–18
- ❏ Co-Chair, Webinar Committee, 2022–23

**East Pasco Bar Association**
- ❏ President, 2017–18
- ❏ President Elect, 2015–17
- ❏ Founding Member

**Women Lawyers of Pasco**
- ❏ President, 2016–17, 2022–23
- ❏ Board Member and inaugural member, 2015–2019

**Business Law Section of the Florida Bar**
- ❏ Member of Executive Council, 2016–present
- ❏ Co-Chair, Health and Wellness Task Force, 2018–23
- ❏ Co-Chair, Amicus Committee, 2020–23
- ❏ Chair, Retreat Committee, 2015–16
- ❏ Chair, Intellectual Property Committee, 2014–15

**Intellectual Property Certification Committee of the Florida Bar**
- ❏ Chair, 2019–2020
- ❏ Appointed, 2017

**Hillsborough County Bar Association**
- ❏ Editor, Lawyer Magazine, 2019–2021
- ❏ Co-Chair, Appellate Section, 2013–2015
- ❏ Co-Chair, Intellectual Property Section, 2011–2013

**Florida Patent Pro Bono Project**
- ❏ Advisory Committee, 2015– 2018

<u>Civic Leadership and Service</u>
**Boy Scouts of America**
- ❏ Charter Organization Representative, Boy Scout Troop 149, Cub Scout Pack 149, 2015–present
- ❏ Tiger Cub Den Leader, Cub Scout Pack 149, 2009–2010
- ❏ Committee Chair, Cub Scout Pack 149, 2010–2016
- ❏ Wood Badge Course S4-86-13

**Rotary Club of Wesley Chapel, Noon**
- ❏ Chair, Rotary of Wesley Chapel Turkey Gobble, 2013–2015

**Rotary Club of Wesley Chapel Noon Foundation**
- ❏ Treasurer and Board Member, 2019–present

**Cornell Class of 1994**
- ❏ Class Correspondent, 1994–present



Intellectual
Property &
Appeals

PO Box 48323, Tampa, FL 33544
2244 Green Hedges Way, Suite 101, Wesley Chapel, FL 33544
813–778–5161  www.ip-appeals.com  dineen@ip-appeals.com

Dineen Pashoukos Wasylik
Page 3 of 4

<u>Professional and Civic Memberships</u>
- ❐ International Trademark Association (INTA)
- ❐ Florida Association for Women Lawyers (FAWL)
- ❐ Georgetown University Alumni Club, Tampa Chapter
- ❐ Hillsborough County Bar Association (HCBA)
- ❐ Hillsborough Association for Women Lawyers (HAWL)
- ❐ Leadership Pasco Class of 2016
- ❐ Women Lawyers of Pasco (WLP)
- ❐ East Pasco Bar
- ❐ Rotary Club of Wesley Chapel Noon
- ❐ Wesley Chapel Chamber of Commerce

<u>Writing and Teaching</u>
Dineen is a prolific author on intellectual property, appellate procedure, and legal practice and technology topics. Her articles have been featured in the American Bar Association's *GP|Solo* and *Landslide* magazines, *The Florida Bar Journal*, The Florida Bar Appellate Section's *Record* Magazine, as well as the Hillsborough County Bar Association's *Lawyer* Magazine. Dineen founded the Florida Appellate Procedure Blog, found at www.FloridaAppellate.com. She also frequently teaches continuing legal education classes to other lawyers throughout Florida.

<u>Select Articles</u>
- ❐ The Stars (and Courts) Realign: Florida Launches Sixth District Court of Appeal *Lawyer* magazine, Vol. 33, No. 3, Jan/Feb 2023
- ❐ Co-Branding: The Pros, the Cons, and the Uncertainty, *Landslide* magazine, Vol. 11, No. 5, May/June 2019 (with Kimra Major-Morris)
- ❐ Intellectual Property Mistakes Solo Marketers Make, *Lawyer* magazine, Vol. 29, No. 4, March/April 2019
- ❐ Court Reaffirms Use in Commerce Test for Foreign Brands, *Lawyer* magazine, Vol. 29, No. 2, Nov/Dec 2018
- ❐ Too Little, too Late? Trial Court Motions for Rehearing and Their Appellate Implications, *The Florida Bar Journal*, Vol. 92, No. 1, Jan. 2018 (with Jared M. Krukar)
- ❐ U.S. Supreme Court Venue Decision Alters the Patent Landscape, *State-to-State*, Fall, 2017
- ❐ Eleventh Circuit Amends Rules; Proposes Further Changes, *Lawyer* magazine, Vol. 26, No. 4, Mar./Apr. 2016
- ❐ What I Wish I had Known About Appellate Practice, *GP|Solo* magazine, Vol. 32, No. 5, Sept./Oct. 2015



PO Box 48323, Tampa, FL 33544
2244 Green Hedges Way, Suite 101, Wesley Chapel, FL 33544
813-778-5161   www.ip-appeals.com   dineen@ip-appeals.com

Dineen Pashoukos Wasylik
Page 4 of 4

<u>State Bar Admissions</u>
- ❐ Florida
- ❐ New York
- ❐ District of Columbia

<u>Federal Trial and Appellate Court Admissions</u>
- ❐ United States Supreme Court
- ❐ First Circuit
- ❐ Fourth Circuit
- ❐ Ninth Circuit
- ❐ Eleventh Circuit
- ❐ District of Columbia Circuit
- ❐ Federal Circuit
- ❐ Middle District of Florida
- ❐ Southern District of Florida
- ❐ District for the District of Columbia

<u>Education</u>
Georgetown University Law Center, Juris Doctor *cum laude*, 1998
- ❐ Book Review and Symposium Editor, *Georgetown Law Journal*

Cornell University, Ithaca, NY Bachelor of Science, 1994
- ❐ Editor in Chief, *Cornell Daily Sun*, 1993-94
- ❐ Alpha Phi Fraternity, Delta Chapter, Alumnae Relations Chair, 1993-94
- ❐ Golden Key Honor Society

Brentwood High School, Brentwood, New York, 1990
- ❐ National Merit Scholar
- ❐ Salutatorian



PO Box 48323, Tampa, FL 33544
2244 Green Hedges Way, Suite 101, Wesley Chapel, FL 33544
813-778-5161  www.ip-appeals.com  dineen@ip-appeals.com

Royal Palm Village Residents Inc. v. Slider et al

No. 21-13789

Summary of Time Expended

USCA11 Case: 21-13789    Document: 40-2    Date Filed: 08/06/2023    Page: 39 of 47

Exhibit B

| Date | Hours | Activity category | Description | Rate ($) | Lodestar ($) | Timekeeper |
|------|-------|-------------------|-------------|----------|--------------|------------|
| 11/23/2021 | 0.1 | Interviews and Conferences | Communications with client re representing them in appellate court. | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 11/23/2021 | 1.0 | Prepare Non-Brief Filings | Finalize and file Appearance of counsel and | $ 500.00 | $ 500.00 | Dineen Wasylik |
| 11/23/2021 | 0.1 | Obtaining and Reviewing Records | Read and review correspondence regarding: SERVICE OF COURT DOCUMENT: 21-13789-AA Royal Palm Village Residents, Inc., et al v. Monica Slider, et al "Civil Appeal Statement Filed" (8:19-cv-00874-CEH-SPF) | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 11/23/2021 | 0.1 | Obtaining and Reviewing Records | Read and review correspondence regarding: Re: 21-13789-AA Royal Palm Village Residents, Inc., et al v. Monica Slider, et al "Appearance of Counsel Form Filed" (8:19-cv-00874-CEH-SPF) | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 11/29/2021 | 0.1 | No Charge | Read and review correspondence regarding: Re: Approval to hire the lawyer (no charge) | $ - | $ - | Dineen Wasylik |
| 11/29/2021 | 0.1 | Interviews and Conferences | Read and review correspondence regarding: Update | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 11/29/2021 | 0.1 | Obtaining and Reviewing Records | Read and review correspondence regarding: RE: Royal Palm Village Resident's Inc. 11th Cir. Appeal--Request for 30 day extension | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 11/29/2021 | 0.1 | No Charge | Read and review correspondence regarding: Check (no charge) | $ - | $ - | Dineen Wasylik |
| 11/29/2021 | 0.1 | Interviews and Conferences | Communications with client re status of appeal | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 12/3/2021 | 0.1 | Obtaining and Reviewing Records | Review motion for extension of time. | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 12/7/2021 | 0.2 | Obtaining and Reviewing Records | Read and review correspondence regarding: 21-13789-AA Royal Palm Village Residents, Inc., et al v. Monica Slider, et al "Court Order Filed Granted by Court Extension to File Appellant | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 12/10/2021 | 0.2 | Mediation | Review mediation order and communications with mediator re client attendance issue. | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 12/13/2021 | 0.1 | Mediation | Communications with mediator re excusing individuals from mediation attendance. | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 12/14/2021 | 0.3 | Mediation | Communications with mediator and F. Osier re mediation issues surrounding attendance of | $ 500.00 | $ 150.00 | Dineen Wasylik |

| Date | Hours | Activity category | Description | Rate ($) | Lodestar ($) | Timekeeper |
|------|-------|-------------------|-------------|----------|--------------|------------|
| 1/11/2022 | 0.2 | Mediation | Communications with client representative re service of initial brief and preparation for | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 1/11/2022 | 1.3 | Legal Research | Initial analysis of Appellant's brief and case law | $ 500.00 | $ 650.00 | Dineen Wasylik |
| 1/11/2022 | 0.3 | Interviews and Conferences | Telephone conference with D. Perry re strategy for response to Appellant's Brief. | $ 500.00 | $ 150.00 | Dineen Wasylik |
| 1/11/2022 | 0.1 | Interviews and Conferences | Communications with clients re briefing schedule | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 1/12/2022 | 0.1 | Mediation | Communications with clients re the other side's brief and preparing for mediation | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 1/14/2022 | 2.5 | Brief Writing | Begin outlining Appellee's brief. | $ 500.00 | $ 1,250.00 | Dineen Wasylik |
| 1/21/2022 | 0.1 | Interviews and Conferences | Communications regarding brief extension. | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 1/24/2022 | 0.1 | Interviews and Conferences | Review order granting extension and communications with client re same. | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 1/24/2022 | 0.4 | Obtaining and Reviewing Records | Review docket and analyze additional documentation needed to prepare for mediation. | $ 500.00 | $ 200.00 | Dineen Wasylik |
| 1/24/2022 | 0.3 | Mediation | Review documents provided by client re mediation issue and communications with client | $ 500.00 | $ 150.00 | Dineen Wasylik |
| 1/24/2022 | 0.1 | Mediation | Read and review correspondence regarding | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 1/24/2022 | 1.2 | Brief Writing | Draft jurisdictional statement and statement of | $ 500.00 | $ 600.00 | Dineen Wasylik |
| 1/25/2022 | 0.3 | Legal Research | Analyze briefing and law cited in related case for to see if any of the analysis is helpful to this case. | $ 500.00 | $ 150.00 | Dineen Wasylik |
| 1/26/2022 | 0.5 | Legal Research | circumstances where a belated cross appeal is | $ 500.00 | $ 250.00 | Dineen Wasylik |
| 1/26/2022 | 1.2 | Legal Research | Prevailing party standard for attorney's fees in federal and state courts and Erie doctrine. | $ 500.00 | $ 600.00 | Dineen Wasylik |
| 1/26/2022 | 0.9 | Legal Research | circumstances where voluntary dismissal allows court to grant defendant award of attorney's | $ 500.00 | $ 450.00 | Dineen Wasylik |
| 2/8/2022 | 5.1 | Mediation | Prepare initial draft of mediation statement (3.5); communications with client re same (.2); research re Eerie doctrine and rules for analyzing fee | $ 500.00 | $ 2,550.00 | Dineen Wasylik |
| 2/8/2022 | 0.5 | Legal Research | case law supporting rule that appellate court can affirm based on any basis in the record even if not | $ 500.00 | $ 250.00 | Dineen Wasylik |
| 2/8/2022 | 3.5 | Legal Research | prevailing party standards as applied to state versus federal law claims and standards for | $ 500.00 | $ 1,750.00 | Dineen Wasylik |

USCA11 Case: 21-13789    Document: 40-2    Date Filed: 08/08/2023    Page: 46 of 47

| Date | Hours | Activity category | Description | Rate ($) | Lodestar ($) | Timekeeper |
|---|---|---|---|---|---|---|
| 2/8/2022 | 1.2 | Legal Research | eerie doctrine and analysis of which law applies to determine which party is prevailing party. | $ 500.00 | $ 600.00 | Dineen Wasylik |
| 2/10/2022 | 3.2 | Mediation | Revise proposed mediation statement and communications with F. Osier re edits to same. | $ 500.00 | $ 1,600.00 | Dineen Wasylik |
| 2/10/2022 | 2.1 | Legal Research | Research regarding American Rule cases in state and Federal Court | $ 500.00 | $ 1,050.00 | Dineen Wasylik |
| 2/10/2022 | 1.1 | Brief Writing | Begin drafting argument re American Rule cases in state and Federal Court | $ 500.00 | $ 550.00 | Dineen Wasylik |
| 2/11/2022 | 1.5 | Mediation | Revise proposed mediation statement and communications with F. Osier re edits to same. | $ 500.00 | $ 750.00 | Dineen Wasylik |
| 2/11/2022 | 0.8 | Legal Research | federal and state case law regarding award of attorney's fees for prevailing on appeal. | $ 500.00 | $ 400.00 | Dineen Wasylik |
| 2/14/2022 | 0.1 | Obtaining and Reviewing Records | Read and review correspondence regarding order setting Mediation in APPEAL 21-13789, Royal Palm Village Residents, et al. v. Slider, et al. | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 2/14/2022 | 0.2 | Mediation | Communications with client re who will attend mediation for Defendants. | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 2/16/2022 | 0.3 | Mediation | Communications with F. Osier re preparation for | $ 500.00 | $ 150.00 | Dineen Wasylik |
| 2/18/2022 | 2.4 | Mediation | Attend and conduct mediation with client | $ 500.00 | $ 1,200.00 | Dineen Wasylik |
| 2/18/2022 | 0.5 | Mediation | Pre-mediation strategy discussion with clients. | $ 500.00 | $ 250.00 | Dineen Wasylik |
| 2/28/2022 | 0.1 | Stay Pending Review | Communications with bond company re amount of bond and fees required to stay collection of | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 2/28/2022 | 0.4 | Interviews and Conferences | Communications client re strategies for avoiding deposition in aid of execution and additional | $ 500.00 | $ 200.00 | Dineen Wasylik |
| 2/28/2022 | 0.3 | Interviews and Conferences | Additional communications with client regarding further research on getting permission to file | $ 500.00 | $ 150.00 | Dineen Wasylik |
| 3/1/2022 | 1.8 | Stay Pending Review | prepare draft motion to deposit into Court | $ 500.00 | $ 900.00 | Dineen Wasylik |
| 3/1/2022 | 3.6 | Obtaining and Reviewing Records | Analyze record for purposes of drafting fact section of appellee brief. | $ 500.00 | $ 1,800.00 | Dineen Wasylik |
| 3/1/2022 | 4.1 | Brief Writing | Prepare initial draft of fact section of brief. | $ 500.00 | $ 2,050.00 | Dineen Wasylik |

USCA11 Case: 21-13789   Document: 40-2   Date Filed: 08/06/2023   Page: 41 of 47

| Date | Hours | Activity category | Description | Rate ($) | Lodestar ($) | Timekeeper |
|------|-------|-------------------|-------------|----------|--------------|------------|
| 3/1/2022 | 0.4 | Stay Pending Review | Finalize and oversee filing of limited notice of appearance in trial court and proposed order allowing deposit into Court Registry to stay | $ 500.00 | $ 200.00 | Dineen Wasylik |
| 3/1/2022 | 0.4 | Stay Pending Review | Communications with opposing counsel and client re agreement to motion to deposit funds into court registry to stay execution of judgment. | $ 500.00 | $ 200.00 | Dineen Wasylik |
| 3/3/2022 | 2.7 | Brief Writing | Review and revise fact section of brief. | $ 500.00 | $ 1,350.00 | Dineen Wasylik |
| 3/10/2022 | 4.8 | Brief Writing | Continue drafting section of the brief regarding construction of Section 723.068 | $ 500.00 | $ 2,400.00 | Dineen Wasylik |
| 3/10/2022 | 3.9 | Brief Writing | Draft and revise section of brief regarding alternate basis of affirmance. | $ 500.00 | $ 1,950.00 | Dineen Wasylik |
| 3/11/2022 | 0.2 | Interviews and Conferences | Communications with client re attorney's fees issues and finalizing Appellee's Brief. | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 3/11/2022 | 3.2 | Brief Writing | Finalize and revise tables and proofread to ensure brief is in final form. | $ 500.00 | $ 1,600.00 | Dineen Wasylik |
| 3/11/2022 | 2.0 | Obtaining and Reviewing Records | Assemble hard copies of brief and ensure service of same to Court and opposing counsel. | $ 100.00 | $ 200.00 | Regina Crawford |
| 3/29/2022 | 0.1 | Obtaining and Reviewing Records | Read and review correspondence regarding: Request for 14 day extension to file Reply Brief | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 3/29/2022 | 0.2 | Obtaining and Reviewing Records | Read and review : 21-13789-AA Royal Palm Village Residents, Inc., et al v. Monica Slider, et al "Extension by phone" (8:19-cv-00874-CEH-SPF) | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 3/29/2022 | 1.5 | Legal Research | Research issue of attorney's fees for prevailing on appeal and memo re same. | $ 500.00 | $ 750.00 | Dineen Wasylik |
| 3/29/2022 | 0.1 | Interviews and Conferences | Communications with opposing party re Request for 14 day extension to file Reply Brief | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 3/29/2022 | 0.2 | Interviews and Conferences | Communications with client re extension of time for other side to file Reply brief and next steps. | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 5/3/2022 | 0.2 | Interviews and Conferences | Communications with client re analysis of reply brief and next steps in the appellate process. | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 5/4/2022 | 0.2 | Interviews and Conferences | Additional communications with clients re reply brief and next steps. | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 6/2/2022 | 0.3 | Interviews and Conferences | Communications with client re OA notice and | $ 500.00 | $ 150.00 | Dineen Wasylik |

Royal Palm Village Residents Inc. v. Slider et al

No. 21-13789

Summary of Time Expended

| Date | Hours | Activity category | Description | Rate ($) | Lodestar ($) | Timekeeper |
|---|---|---|---|---|---|---|
| 6/3/2022 | 0.1 | Interviews and Conferences | Communications with client re whether | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 6/8/2022 | 0.1 | Interviews and Conferences | Conferences with client re Oral Argument | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 6/20/2022 | 0.2 | Interviews and Conferences | Communications with clients re preparations for | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 7/12/2022 | 0.1 | Interviews and Conferences | Communications with client re possible | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 7/18/2022 | 0.4 | Interviews and Conferences | Communications with client re oral argument | $ 500.00 | $ 200.00 | Dineen Wasylik |
| 7/18/2022 | 0.3 | Interviews and Conferences | Additional communications with client re oral | $ 500.00 | $ 150.00 | Dineen Wasylik |
| 7/18/2022 | 0.1 | Interviews and Conferences | Communications with F. Osier re fee issues and | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 7/29/2022 | 5.0 | Oral Argument | Review all case law cited in each brief and perform West Check to determine whether any cases have been overruled as part of preparing | $ 100.00 | $ 500.00 | Regina Crawford |
| 7/31/2022 | 0.8 | Oral Argument | Revise oral argument memo. | $ 500.00 | $ 400.00 | Dineen Wasylik |
| 7/31/2022 | 0.4 | Oral Argument | Prepare and oversee filing of motion for leave to bring tablet into courthouse. | $ 500.00 | $ 200.00 | Dineen Wasylik |
| 7/31/2022 | 0.8 | Oral Argument | Initial review of west check reports in preparation for oral argument. | $ 500.00 | $ 400.00 | Dineen Wasylik |
| 8/8/2022 | 0.1 | Interviews and Conferences | Communications with board re strategy for upcoming oral argument. | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 8/8/2022 | 2.1 | Oral Argument | Prepare memo to client and compile client oral argument packet for attorney review. | $ 100.00 | $ 210.00 | Regina Crawford |
| 8/8/2022 | 0.2 | Oral Argument | Revise and oversee service of oral argument | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 8/11/2022 | 0.8 | Interviews and Conferences | Zoom conference with board members regarding whether to make a settlement offer and how to | $ 500.00 | $ 400.00 | Dineen Wasylik |
| 9/20/2022 | 0.2 | Interviews and Conferences | Communications with client re oral argument livestream and timing. | $ 500.00 | $ 100.00 | Dineen Wasylik |
| 9/26/2023 | 6.2 | Oral Argument | Review all case law and briefs and continue to outline and prepare for oral argument | $ 500.00 | $ 3,100.00 | Dineen Wasylik |
| 9/27/2022 | 2.5 | Oral Argument | Continued preparation for and conduct oral argument. | $ 500.00 | $ 1,250.00 | Dineen Wasylik |
| 9/27/2022 | 0.5 | Interviews and Conferences | Telephpone conferences with client and D. Perry re oral argument preparations and switch to | $ 500.00 | $ 250.00 | Dineen Wasylik |
| 1/12/2023 | 1.2 | Obtaining and Reviewing Records | Analyze Court's opinion. | $ 500.00 | $ 600.00 | Dineen Wasylik |
| 1/12/2023 | 0.6 | Interviews and Conferences | Conferences with clients re analysis of court's decision and next steps, if any. | $ 500.00 | $ 300.00 | Dineen Wasylik |

| Date | Hours | Activity category | Description | Rate ($) | Lodestar ($) | Timekeeper |
|------|-------|-------------------|-------------|----------|--------------|------------|
| 1/18/2023 | 0.1 | Interviews and Conferences | Communications with clients re post-appeal timeline and next steps. | $ 500.00 | $ 50.00 | Dineen Wasylik |
| 1/19/2023 | 0.1 | Interviews and Conferences | Communications with clients re attorney's fees | $ 500.00 | $ 50.00 | Dineen Wasylik |

**Total Hours**  **88.4**                                              **$ 40,460.00  Total Lodestar**

| | Dineen Wasylik | Billed @$500/hr | Regina Crawford | Billed @$100/hr | Total Sum of Hours | Total Sum of Lodestar ($) |
|---|---|---|---|---|---|---|
| *Category* | *Sum of Hours* | *Sum of Lodestar ($)* | *Sum of Hours* | *Sum of Lodestar ($)* | | |
| Interviews and Conferences | 6.5 | $3,250.00 | | | 6.5 | $3,250.00 |
| Obtaining and Reviewing Records | 6.2 | $3,100.00 | 2 | $ 200.00 | 8.2 | $3,300.00 |
| Legal Research | 13.8 | $6,900.00 | | | 13.8 | $6,900.00 |
| Brief Writing | 23.5 | $11,750.00 | | | 23.5 | $11,750.00 |
| Oral Argument | 10.9 | $5,450.00 | 7.1 | $ 710.00 | 18.0 | $6,160.00 |
| Stay Pending Review | 2.7 | $1,350.00 | | | 2.7 | $1,350.00 |
| Prepare Non-Brief Filings | 1.0 | $500.00 | | | 1.0 | $500.00 |
| Mediation | 14.5 | $7,250.00 | | | 14.5 | $7,250.00 |
| No Charge | 0.2 | $0.00 | | | 0.2 | $0.00 |
| **Grand Total** | **79.3** | **$39,550.00** | **9.1** | **$ 910.00** | **88.4** | **$40,460.00** |

**Exhibit C**

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**Form to Accompany Application for Attorney's Fees**

Summary of work performed by (name): Dineen Pashoukos Wasylik _____

Total compensation requested for this person: $39,550.00 _____

Hourly rate of compensation requested for this person: $500 _____

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other: _____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 6.5 |
| Obtaining and reviewing records | 6.2 |
| Legal research | 13.8 |
| Brief writing | 23.5 |
| Preparing for and attending oral argument | 10.9 |
| Other (specify on additional sheets if necessary): | 2.7 (Stay Pending Review) <br> 1.0 (Prepare Non-Brief filings) <br> 14.5 (Mediation) |
| Total hours claimed for this person | 79.3 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03


**Exhibit D**

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**Form to Accompany Application for Attorney's Fees**

Summary of work performed by (name): Regina M. Crawford

Total compensation requested for this person: $910.00

Hourly rate of compensation requested for this person: $100.00

This person is an:

☐ attorney    ☐ law student/graduate    ☐ certified paralegal    ☒ other: Legal Assistant/Paralegal

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | 2.0 |
| Legal research | |
| Brief writing | |
| Preparing for and attending oral argument | 7.1 |
| Other (specify on additional sheets if necessary): | |
| Total hours claimed for this person | 9.1 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

Exhibit E